670 P.2d 901

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Joseph William CROSS,
Defendant-Appellant.**

**STATE of Idaho, Plaintiff-Appellant,**

v.

**Kenneth Eugene VAUGHN,
Defendant-Appellant.**

**Nos. 14145, 14146.**

Supreme Court of Idaho.

Oct. 7, 1983.

Stephan C. Rice of Aherin, Rice & Brown, P.A., Lewiston, for defendants-appellants.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., and Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

DONALDSON, Chief Justice.

In January, 1981, the defendant, Joseph William Cross, entered a plea of guilty to Delivery of a Controlled Substance and the co-defendant, Kenneth Eugene Vaughn, entered a plea of guilty to Principal to Delivery of a Controlled Substance. The plea was entered in accordance with an agreement entered into by the defendants, the district judge and the prosecuting attorney. The judge granted both defendants withheld judgments and imposed identical terms of probation as conditions of the withheld judgment. The terms included five-years probation, the payment of $25,000.00 fines by each defendant and a ninety-day jail term. The defendants appealed from the portion of the order requiring them to pay $25,000.00.

The issue raised by the appellants on appeal is whether or not the district court erred in requiring the defendants to pay $25,000.00 payable in installments of $2,500.00 every six months. The appellants argue that the district court erred because (1) this particular term of probation was not reasonably related to the goal of rehabilitation and (2) the fine was beyond the financial means of the defendants.

Concerning the appellants' first argument, this Court has stated that the payment of a specific sum of money is a sentencing alternative available to the courts, *State v. Wagenius,* 99 Idaho 273, 581 P.2d 319 (1978), and is within the discretion of the trial court. *State v. Mummert,* 98 Idaho 452, 566 P.2d 1110 (1977). However, "[a] condition of probation must be reasonably related to the purpose of probation, rehabilitation." *State v. Sandoval,* 92 Idaho 853, 860–61, 452 P.2d 350, 357–358 (1969). The appellants argue that the imposition of this fine was not a condition likely to facilitate

rehabilitation of the defendants. In fact, the appellants argue that the huge sums the court ordered them to pay may have the exact opposite effect by pushing them into some type of criminal activity in order to pay the fine.

■ The payment of money as a condition of probation is often used to emphasize the seriousness of a defendant's action. *State v. Wagenius, supra.* In this case the district court stated that, "based upon that [the form of sentence] you are going to decide whether or not breaking the law is profitable or unprofitable. And I can tell you that I have a feeling you are going to decide it is very unprofitable. It is a giant mistake." We believe that the district court adequately determined that the fine would help rehabilitate the defendants and we agree that requiring them to pay $25,-000.00 would impress upon them the seriousness of their actions as well as possibly deter them from conducting future illegal activity in Idaho.

The defendants also claim that the condition of probation was beyond their financial means. This Court has stated that "[a] condition of probation impossible of fulfillment is improper." *State v. Sandoval,* 92 Idaho 853, 861, 452 P.2d 350, 358 (1969). In a somewhat related case the United States Supreme Court recently announced in *Bearden v. Georgia,* —— U.S. ——, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), that a trial court cannot automatically revoke probation because the defendant failed to pay a fine unless the defendant did not make bona fide efforts to pay or alternative forms of punishment were inadequate. However, *Bearden* does not apply to this case because the trial court has not revoked probation.

■ In this case the appellants argue that the record indicates the condition of probation is beyond their financial means but at the sentencing hearing the court asked whether or not the defendants were prepared to meet the payment schedule suggested by one of the defendants' attorneys and both defendants answered affirmatively. Also, the State filed an affidavit on the Nez Perce County Clerk in support of its motion of augmentation of the record saying that both defendants had paid $10,-000.00 since being placed on probation. Because of the relevancy of the affidavit to the issue of whether or not the condition was beyond their financial means we have considered the affidavit. Therefore, even though the appellants now allege that they do not have the financial means to pay the fine, the record indicates that they agreed to pay this fine and that they have made four payments totalling $10,000.00. Alleging difficulty in meeting the payments, as opposed to impossibility, is not sufficient to find an abuse of discretion. Therefore, we uphold the trial court's conditions of probation. Affirmed.

SHEPARD, BAKES and HUNTLEY, JJ., concur.

BISTLINE, Justice, dissenting:

It might readily be accepted that a man will somehow find and put together $10,-000.00 in order to avoid ascertaining how high up the scale the district court might climb in imposing sentence. As to how that amount of money was raised, while an interesting topic upon which to speculate, is of no concern—simply because an after-the-fact payment is *not* relevant to considerations which are a proper concern when a defendant appears at his sentencing hearing.[1] Moreover, having seen in *State v.*

---

1. Defense counsel properly and timely objected to augmentation of the record. The Court, in its usual receptiveness to prosecutorial and attorney general conduct, breaks precedent in allowing augmentation as to matters which were not before the lower court. Where this new policy will end, no one can say; nor what it will lead to.

The Court's opinion conveniently lumps the defendants together, and hence avoids treading the most axiomatic of all sentencing guidelines, *i.e.,* that of individualized sentencing. According to the record of proceedings made *in the district court,* the defendant Cross was not employed, had no source of income, and for eight years prior to 1981 had been receiving Social Security benefits. His 22 year old son testified

*Rocque,* 104 Idaho 445, 660 P.2d 57 (1983), the mischief wrought by Part IV of the *Wagenius* opinion, which I disavowed in *Rocque,* I simply can no longer abide by the imposition of a jail sentence or any fine as a condition of probation—or, better put as applied to the circumstances of this case, an offer on the part of the trial court to accept a $50,000.00 "contribution" in return for a withheld judgment. I find the proposition totally abhorrent without regard to the size of the "donation." Under our statutory law, a defendant convicted by his plea or by a jury can be fined, incarcerated or both— but, as Justice McFadden well stated it in his *Wagenius* opinion, "a court is without authority to impose jail sentences or fines incident to a probation order. . . . If punishment is the goal, then I.C. § 19–101 is appropriate and a jail sentence or fine may be imposed; but an accused should not be enticed with the prospect of a withheld judgment, and then immediately sentenced to and obligated to serve jail time or to pay a fine." That the Court's opinion makes no mention of *Rocque,* an ill-begotten progeny of *Wagenius,* is indeed disturbing, although perhaps not surprising. The trial bench has undoubtedly come to see that the Court will do what the Court will do, and that this is especially true where time-tested statutory provisions of criminal procedure stand in the way. Practicing trial attorneys with even a limited experience in the criminal field already know that often the first order of business for the criminally accused after being released on bond may be to take appropriate action to raise the cost of the bond premium—which may not always be done within the law—although that may be a rare case.

The precedent of today's majority opinion is that this Court now approves withheld judgments for drug dealers so long as the price is right.

I respectfully dissent.

to providing his father with $60.00 per week toward room and board, plus paying other bills.