**GOVERNMENT OF THE VIRGIN ISLANDS**

**v.**

**D.W., A Minor, Appellant**

No. 93-7038

United States Court of Appeals

for the Third Circuit

August 31, 1993

TRESTON E. MOORE, ESQ. (Argued), (GRUNERT, STOUT, MOORE & BRUCH), Charlotte Amalie, St. Thomas V.I., *for Appellant*

ROBERT W. BORNHOLT, ESQ. (Argued), (Office of the Attorney General of the Virgin Islands Department of Justice) Charlotte Amalie, St. Thomas V.I., *for Appellee*

BEFORE: GREENBERG, SCIRICA and GARTH, *Circuit Judges*

## OPINION OF THE COURT

SCIRICA, *Circuit Judge*.

In this matter, a juvenile found guilty of negligent homicide following a traffic accident appeals the Territorial Court's imposition of a $500 fine on the grounds that it was not authorized by statute, and if it was, then its imposition violated the constitutional prohibition against post facto laws. Ruling the fine was a "foreseeable" construction of the Virgin Islands juvenile statute, 5 V.I.C. §§ 2501–54 (1983), the Appellate Division affirmed the Territorial Court's judgment. We will reverse.

### I.

While driving his car, D.W. struck and killed a jogger running on the road. Although D.W. claims he did not see the victim until the moment of impact, the incident did not occur in an area with obstructed vision.

The government brought juvenile proceedings against D.W., charging him with negligent homicide (20 V.I.C. § 504) and negligent driving (20 V.I.C. § 503). At the adjudicatory hearing, D.W. admitted guilt on the negligent homicide and the government dropped the negligent driving charge.[1] The judge held a disposition hearing, at which he announced his intent to impose a fine, among other sanctions, and requested briefs on this issue. The government declined to file a brief but stated it was aware of no other juvenile case in which a fine had been imposed. At the subsequent disposition hearing, the judge placed D.W. on probation in the custody of his mother until his 19th birthday, ordered him to perform 500 hours of community service during his probation, and fined him $500.

---

[1] In the Virgin Islands, delinquent minors are "tried" in an adjudicatory hearing and "sentenced" in a disposition hearing. "An order of disposition or other adjudication in proceedings under this subchapter shall not be deemed a conviction of crime or impose any civil disabilities ordinarily resulting from conviction or operate to disqualify the child in any civil services application or appointment." 20 V.I.C. § 2520(a).

298

D.W. appealed the fine to the Appellate Division, contending that the Virgin Islands juvenile statute does not authorize fines and that because no prior case had imposed a fine, its imposition would violate ex post facto protections. The Appellate Division rejected this contention, and D.W. appealed.[2]

## II.

### A.

It is widely accepted that fines are creatures of statute. Thus, "the State, by any statute fixing a penalty of a fine, has declared its penological interest . . . satisfied by a monetary payment." Williams v. Illinois, 399 U.S. 235, 264 (1970) (Harlan, J., concurring in result). Not only must a fine be authorized by statute, but the amount of the fine must be statutorily capped. "The discretion of the judge in choosing among sentencing alternatives will be controlled by statute." Wayne R. LaFave & Jerold H. Israel, Criminal Procedure 29 (1984).

### B.

To determine whether the fine imposed on D.W. was authorized by the Virgin Islands juvenile statute, we look to the language and structure of that statute. Nowhere does the statute specifically authorize the imposition of a fine. Ruling the statute authorizes a fine, the Appellate Division relied on language in the statute's initial section, entitled "A Children's Policy For The Territory." 5 V.I.C. § 2501. Section 2501(c) provides:

> The policy for children who commit delinquent acts is a balance between treatment and sanctions. Emphasis is placed upon public safety and deterrence. Children should become aware through the imposition of sanctions that delinquent behavior will not be excused. Sanctions will be dispensed in a manner that is appropriate to the seriousness of the offense."[3]

---

[2] The Appellate Division had jurisdiction under 48 U.S.C. § 1613(a) and 4 V.I.C. § 33. We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the court's construction of the Virgin Islands juvenile statute, and its application of the ex post facto prohibition, which are questions of law. Manor Care, Inc. v. Yaskin, 950 F.2d 122, 124 (3d Cir. 1992).

[3] The statute puts these words within quotation marks, but does not indicate the source of the quotation.

The Appellate Division found a fine authorized and foreseeable because this section is "broadly worded," and "puts juveniles on notice that sanctions designed to demonstrate that delinquent behavior will not be tolerated are the possible penalty for their acts." The Appellate Division also noted that "although the Family Court had never before imposed a fine on a juvenile, fines are a commonplace and ordinary sanction."

Section 2501 does not provide authority for imposition of a fine. Its mere reference to sanctions "appropriate to the seriousness of the offense" only authorizes the judge to choose among sanctions set forth in the statute (5 V.I.C. §§ 2521 & 2524), which do not include fines. Although we need not decide whether Section 2501 is void for vagueness, see United States v. Batchhelder, 442 U.S. 114, 123 (1979) (applying vagueness doctrine to sentencing provision), it clearly fails to give notice that a fine is a possible punishment. Furthermore, the government's argument that the fine qualifies as a "sanction designed to demonstrate that delinquent behavior will not be tolerated" could be said of any sanction, whether or not authorized by statute.

## C.

In any event, § 2501 is not the critical provision in determining whether the fine was authorized by statute. That question turns on whether a fine is included among the particular sanctions set forth in the statute. Authorization for specific sanctions is contained in 5 V.I.C. §§ 2521 and 2524. Section 2521(b), entitled "Disposition of delinquent child or person in need of supervision," provides that "a court may make any of the following dispositions: . . . permit the child to remain with his parents, . . . place the child on probation . . . with such conditions as described in § 2524, . . . [or] order such care and treatment as the court may deem best." Section 2524 authorizes sixteen types of conditions of probation, including community service.

Notably absent from both §§ 2521 and 2524 is any authorization of, or even reference to, a monetary fine as a permissible sanction. This is in sharp contrast to the other sanctions imposed by the trial judge upon D.W.—commitment to his mother's custody, § 2521(b)(1), placement on probation, § 2521(b)(2), and performance of 500 hours of community service, § 2524(b)(14). Because the statute does not include a fine among the disposition alternatives,

we hold that the statute did not authorize the Territorial Court to impose a fine on D.W.[4]

■ A fine is not, as the dissent suggests, an "other lawful condition" of probation with which the court can order D.W. to comply under § 2524(b)(16). The text of § 2524 forecloses this interpretation. Section 2524(b)(16) authorizes the court to require the juvenile to "comply with such other lawful conditions as may be ordered by the court, including refraining from the use of controlled substances and alcohol." The illustrations in the latter clause are different in kind from a fine. Like other specified conditions of probation in § 2524, for example, "work or pursue a course of study," § 2524(b)(3), or "undergo medical or psychiatric treatment," § 2524(b)(4), the illustrations in § 2524(b)(16) are direct and ongoing regulations on conduct. Accordingly, we believe the phrase "other lawful condition" refers to analogous conduct regulations, such as a curfew. A fine is neither an ongoing sanction nor a direct regulation on conduct linked to probation.[5]

To read the words "other lawful condition" to authorize a fine— as neither the government nor the Appellate Division, nor any other court in the Virgin Islands has done[6]—would violate "two policies that have long been part of our tradition, . . . fair warning . . . in language that the common world will understand, of what the law intends to do if a certain line is passed, . . . [and the principle that] because criminal punishment usually represents the moral condemnation of the community, legislatures and not courts

---

[4] That the fine imposed by the Territorial Court here was only $500 does not alter our conclusion. Under the logic of the Appellate Division's analysis, the court could have imposed a fine of any amount. By contrast, we note that must of the states providing fines for juveniles cap the amount of the fine. E.g., Wis. Stat. § 43.34 (1992).

[5] The inclusion of restitution among the conditions does not alter our conclusion. The statute contemplates restitution can he an ongoing sanction, providing it can be made "In periodic payments." § 2524(b)(13). Additionally, restitution is reserved exclusively for "malicious or destructive acts," and, because it is compensatory and not punitive, is not analogous to a line. Inclusion of restitution also indicates that where the legislature intended monetary payments to serve as conditions, it did so expressly. We note also that the Territorial Court ruled restitution was an inappropriate remedy here.

[6] We cannot determine the Family Division's view on the matter because it offered no reasons or statutory basis for its imposition of a fine.

should define criminal activity." United States v. Bass, 404 U.S. 336, 348 (1971).[7]

## D.

Our examination of analogous statutory schemes confirms our conclusion. More than half of all state juvenile justice statutes, including all states within this Circuit, expressly authorize their juvenile courts to impose fines in juvenile dispositions. E.g., 10 Del. C. § 937 (1987), 42 Pa. Cons. Stat. Ann. § 6352 (1978), N.J. Stat. § 2A:4A-43 (1983). The penalties of nearly all crimes in the Virgin Islands Criminal Code permit a fine and cap the amount. See 14 V.I.C. §§ 156–3031.[8] The Virgin Islands juvenile statute contains no such express provision for imposing a fine. That the Virgin Islands Criminal Code expressly authorizes fines demonstrates that the legislature knows how to do so.[9] We see no impediment to the Virgin Islands legislature amending its juvenile justice statute to add fines as a permissible sanction.

## III.

■■ Even if the statute could be construed to authorize a fine, we believe it would violate ex post facto principles to impose a fine

---

[7] The dissent's reliance on Durst v. United States, 434 U.S. 542 (1978), is misplaced. There, the Court upheld imposition of a fine as a condition of a juvenile's probation under the federal Youth Corrections Act. Concluding the Act authorized such a condition, the Court relied on legislative history which "clearly reveal[ed] Congress intended . . . to preserve to sentencing judges their powers under the general probation statute when sentencing youth offenders to probation," 434 U.S. at 551, powers that expressly included imposition of a fine as a condition of probation, id. at 549. No similar evidence of statutory authority supports imposition of a fine here.

[8] Had D.W. been charged as an adult with negligent homicide (20 V.I.C. §§ 503 & 504) and reckless driving (20 V.I.C. § 544), he would have been subject to a fine.

[9] Because we hold the statute does not authorize a fine, this case differs from our decision in Helton v. Fauver, 930, F.2d 1040 (3d Cir. 1991), upon which both parties and the Appellate Division relied. There, we considered the distinct question of whether the New Jersey Supreme Court's concededly authoritative construction of its juvenile jurisdiction statute was unforeseeable and therefore ex post facto if retroactively applied in that case. Where, as here, we sit as the Supreme Court of the Virgin Islands, Polius v. Clark Equipment Co., 802 F.2d 75, 80 (3d Cir. 1986), we need not rely, as we did in Helton, on ex post facto principles, but rather hold that the Virgin Islands juvenile statute does not authorize imposition of a fine.

here. The Ex Post Facto clause not only bars legislatures from retroactive creation of criminal liability but also proscribes "an unforeseeable judicial enlargement of a criminal statute, applied retroactively." Bouie v. City of Columbia, 378 U.S. 347, 353 (1964).[10] Finding a judicial construction of New Jersey's juvenile jurisdiction unforeseeable in Helton v. Fauver 930 F.2d 1040, 1045 (3d Cir. 1991), we held "that the Bouie principle applies equally to after-the-fact increases in the degree of punishment." Furthermore, "the ex post facto clause applies not only to sentence length, but to any punishment, [including] a monetary payment [or] a fine." Sheppard v. State of Louisiana Board of Parole, 873 F.2d 761, 764 (5th Cir. 1989).[11] Because the Virgin Islands juvenile statute nowhere mentions fines, and because no prior Virgin Islands court had imposed a fine on a juvenile, imposition of a fine here was an "unforeseeable judicial enlargement" of the statute violating post facto principles.

Nor are we persuaded by the government's argument that because juvenile proceedings serve a rehabilitative rather than a punitive function, any increase in punishment is outside the purview of the Ex Post Facto Clause. The Arizona Court of Appeals rejected a similar contention in Appeal in Maricopa County Juvenile Action No. J-92130, 139 Ariz. 170, 677 P.2d 943 (Ariz. App. 1984). In Maricopa, the juvenile court retroactively applied an amendment which expanded the disposition alternatives within the statute. In reversing this judgment, the court stated "it is simply too late in the day to conclude that dispositions for delinquent children, which include incarceration, fines, and restitution, are not to be considered criminal sanctions for purposes of the Ex Post Facto Clause." Maricopa, 677 P. 2d at 946. We agree. Accordingly, even were we to conclude the Virgin Islands juvenile justice statute authorized a fine, application of a fine in this case would violate ex post facto principles.

---

[10] The Ex Post Facto clause, found in Article I § 10 of the United States Constitution, binds the Virgin Islands Legislature. Government of Virgin Islands v. Civil, 591 F.2d 255 (3d Cir. 1979).

[11] The Supreme Court has recently held the Ex Post Facto Clause is concerned with "anything to do with the definition of crimes, defenses, or punishments." Collins v. Youngblood, 497 U.S. 37, 51 (1990).

## IV.

For the foregoing reasons, we will reverse the judgment of the Appellate Division and remand with instructions to vacate that portion of the court's judgment imposing a fine.

GARTH, *Circuit Judge, dissenting*:

D.W., the juvenile defendant in this case, engaged in the adult activity of driving a car. As a result of his negligence behind the wheel, a man is dead. Under the circumstances, I believe that the imposition of a $500 fine is both appropriate and authorized under the plain language of 5 V.I.C. §§ 2501, 2521 and 2524. I would therefore affirm the holding of the Appellate Division in all respects. Because the majority will not, I respectfully dissent.

## I.

The Family Division of the Territorial Court is authorized to impose "appropriate" sanctions upon juvenile offenders. 5 V.I.C. § 2501(c) and (h). Conditions of probation, which may be imposed at the court's discretion, are specifically delineated at 5 V.I.C. §§ 2521 and 2524(b), and are to be "liberally construed" to affect an appropriate balance between treatment and sanction pursuant to the stated policy of the Virgin Islands. 5 V.I.C. § 2501(c) and (h). Indeed, as summarized by the majority, several correctional alternatives, in addition to the fine at issue, were imposed by the Family Division judge upon D.W., including "commitment to his mother's custody, § 2521(b)(1), placement on probation, § 2521(b)(2), and performance of 500 hours of community service, § 2524(b)(14)." Maj. Op. typescript at 5, and see Appendix A to this opinion.

Because the Virgin Islands Code does not expressly enumerate the imposition of fines among correctional alternatives, however, the majority concludes that a fine is simply unavailable as a sanction in juvenile offender cases. The majority opinion, without citing to any authority other than the language of the statute itself, states that § 2501 "only authorizes the judge to choose among sanctions set forth in the statute (5 V.I.C. §§ 2521 & 2524), which do not include fines." Maj. Op. typescript at 4. I disagree. Although the majority correctly cites 5 V.I.C. § 2524(b) as providing a list of the conditions of probation that a Family Division judge may impose upon a minor, the majority opinion misconstrues the sixteenth paragraph of § 2524(b), a "catchall" provision which provides,

304

"The court may as a condition of probation require that the child . . . comply with such other lawful conditions as may be ordered by the court . . . ." 5 V.I.C. § 2524(b)(16) (emphasis added). This provision alone grants ample authority for the imposition of an additional sanction—a monetary fine measured by the seriousness of the offense committed. Indeed, what other possible reason could there be for such a catchall phrase if not to permit and authorize a judge to expand upon the earlier fifteen identified conditions specified in the statute?

Thus, pursuant to the plain language of the statute, a Family Division judge is authorized to implement "other lawful conditions" which are not expressly identified in the Code, but which may be appropriate under the circumstances of any particular case. As I read the broad, inclusive language of § 2524(b)(16), it allows for just the sort of probationary condition or sanction at issue here— i.e., a $500 fine that, under the circumstances, is entirely appropriate, but which is not explicitly included among the first fifteen paragraphs of § 2524(b).

Contrary to the view expressed by the majority, Maj. Op. typescript at 5–6, I am of the opinion that this "catchall" clause has been inserted into the Code for the very purpose of affording a Family Division judge just the kind of flexibility[12] that would allow for the imposition of a sanction which, although not listed among the previous fifteen specifically delineated conditions of probation, could nevertheless prove a valuable tool in achieving the balance between treatment and sanction in accordance with the stated goal of the Virgin Islands' "Children's Policy." 5 V.I.C. § 2501(c).

Nor do I accept the majority's position that, taken to its extreme, the logic of the above analysis could be used to justify the imposition of any sanction, no matter how absurd, inappropriate or excessive, that a court might visit upon a minor. In my view, the language of § 2524 is clearly tempered not only by due process concerns but by the Virgin Islands Code itself which provides, "[s]anctions will be imposed in a manner that is appropriate to the seriousness of the offense." 5 V.I.C. § 2501(c). Clearly, this limitation would foreclose a judge from imposing a fine of "any amount"

---

[12] See Durst v. U.S., 434 U.S. 542, 545 (1978).

or imposing an outrageous penalty, as is apparently a concern of the majority.[13] See Maj. Op. typescript at 5, n.4.

## II.

The majority maintains that a fine cannot be a condition of probation because it is not an alternative explicitly enumerated in 5 V.I.C. § 2524, and because § 2524(b)(16) limits the court to conditions that constitute an ongoing sanction or a direct regulation on conduct linked to probation. It also claims that imposing a fine would violate fair warning of what the law intends to do if "a certain line is passed." See Maj. Op. typescript at 6.

Such a cramped interpretation, however, gives no effect to the expansive content of § 2524(b)(16) which permits a judge to require a juvenile to comply with such other lawful conditions as may be ordered by the court. Nor is there any authority cited by the majority which restricts the operation of § 2524(b)(16) to conduct regulations such as compliance with curfews, Maj. Op. typescript at 6. The illustrations contained in § 2524(b)(16) pertaining to controlled substances and alcohol are by no means exclusive. Hence, there is no reason or authority to exclude from the scope of § 2524(b)(16) the imposition of a fine on a juvenile.

On the contrary, as the Supreme Court explained in a different but analogous context, a fine may properly be imposed under the Youth Corrections Act, 18 U.S.C. 5010(a) (repealed), despite the failure of that Act to provide for fines as a condition of probation. The Court, in so holding, emphasized that a hallmark of a successful rehabilitation treatment program for juveniles is flexibility in choosing among programs tailored to individual needs, Durst v. U.S., 434 U.S. 542, 545 (1978)—the same type of flexibility that the Territorial Court, the Appellate Division, and I have employed in holding that a fine is an appropriate condition of probation under § 2524(b)(16).

While I concede that the legislative history to which the court referred could be deemed to support the Court's holding—a legislative history remarkably silent in the present case—the principle the Supreme Court articulated is every bit as relevant here as it was in Durst:

---

[13] We note that the $500 line imposed is substantially less than $2,000, which a judge is authorized to impose on a juvenile for restitution purposes. 5 V.I.C. § 2524(b)(13).

[A] fine could be consistent . . . with the rehabilitative intent of the act. By employing this alternative [a fine and probation], the sentencing judge could assure that the youthful offender would not receive the harsh treatment of incarceration, while assuring that the offender accepts responsibility for his transgression. The net result of such treatment would be an increased respect for the law and would, in many cases, stimulate the young person to mature into a good law-abiding citizen.

Durst v. U.S., 434 U.S. at 553–54.

Moreover, it is inaccurate to state, as does the majority, that no court of the Virgin Islands has utilized § 2524(b)(16) to authorize a fine, see Maj. Op. typescript at 5-6. The very judgment and order of February 3, 1992, entered by the Territorial Court of the Virgin Islands, and affirmed by the Appellate Division, does precisely that although admittedly it does not expressly specify that the action was taken under § 2524(b)(16). A copy of that judgment and order, which reveals the intent of the Territorial Court to specify the various conditions of probation to which it subjected D.W., is annexed hereto as Appendix A to this opinion.

Thus, although Virgin Islands law governing the disposition of juvenile offenders does not single out the specific issue of monetary fines, the Code expressly provides for the imposition of such other lawfull conditions, such as a fine, where the sanction is "appropriate to the seriousness of the offense," and serves the policy goal of striking a flexible balance between treatment and sanctions as described in § 2501(c).

In this case, I believe a $500 fine is, indeed, consistent with the goals of rehabilitation, public safety and deterrence. There is every indication on the record before us that the Family Division judge's decision to impose a fine upon D.W. was well thought out and calculated to impress upon D.W. the seriousness of his offense.[14] Such a monetary sanction will not only serve to remind D.W. of the adult nature of his action but may also help to ensure the safety of the travelling public by deterring D.W. from future, life-threatening negligence behind the wheel—to say nothing of, perhaps, requir-

---

[14] Indeed, before imposing the fine, the Family Division judge directed counsel to brief the very issue that we face today.

ing D.W. to spend his otherwise free time earning the money required to discharge his $500 fine.[15]

As the Appellate Division observed in this case, "[t]he offense here, though an accident, resulted in the death of another. It cannot be said that the $500.00 fine constituted an abuse of the judge's discretion . . . ." Appellate Division Opinion at 5. In this regard, I note, as does the majority, Maj. Op. typescript at 7, n.8, that had D.W. been charged as an adult with negligent homicide (the charge to which D.W. admitted his guilt before the Family Division), he would have been subject to a fine of up to $1,000—in addition to a jail sentence of not more than five years. 20 V.I.C. § 504.

Indeed, even under §§ 2501 and 2524 the Family Division judge could have lawfully required D.W. to be placed in a "facility established for the instruction or residence of persons on probation" until his nineteenth birthday. 5 V.I.C. § 2524(5). Thus the majority opinion would permit D.W. to be taken from his home and placed in the custody of the Territory, but would preclude a judge from fashioning and imposing a monetary sanction, which is far less intrusive and severe. In light of 5 V.I.C. § 2524(b)(16), I cannot see the logic in this result.

### III.

Finally, the majority concludes that even if a fine could be justified under the letter of the Code, its imposition would nevertheless be barred as constituting a retroactive increase in penalty prohibited by the Ex Post Facto Clause (Article 1 § 10) of the United States Constitution. The majority cites Helton v. Fauver, 930 F.2d 1040, 1044 (3d Cir. 1991) in support of the proposition that a $500 fine is an unforeseeable judicial construction of the relevant statute and is, therefore, constitutionally impermissible as constituting an "after-the-fact" penalty. Id. at 1045–46.

The Appellate Division properly observed that this issue turns on "whether the lower court's imposition of a monetary sanction, which had never been done before, was an unforeseeable reading of §§ 2501 et seq." Appellate Division Opinion at 4. My argument,

---

[15] The Supreme Court of Idaho, in affirming a trial court's fine as a condition of probation where the appellant argued that the fine was not reasonably related to the goal of rehabilitation, stated, "The payment of money as a condition of probation is often used to emphasize the seriousness of a defendant's action." Idaho v. Cross, 670 P.2d 901, 903 (Idaho 1983).

supra supports the conclusion that the fine here was a foreseeable condition of D.W.'s probation. Once again, the Appellate Division's conclusion in this regard was sound: "Although the Family Court had never before imposed a fine on a juvenile, fines are a commonplace and ordinary sanction. The broad language of § 2501 put D.W. on notice that a fine was possible; it was not an unforeseeable penalty." Id. at 5.

The majority itself discusses the commonplace nature of the use of such fines in numerous jurisdictions across the country. In fact, the majority cites statutes from Delaware and New Jersey, both of which expressly provide for the imposition of fines in cases analogous to the one at hand—demonstrating, in my view, not only the commonplace nature of such fines, but also the importance of such fines as a tool in fashioning probationary conditions in juvenile cases. I am therefore of the opinion that sections 2501 and 2524 of the Virgin Islands Code were foreseeably construed by both the Family Division judge and the Appellate Division as authorizing the imposition of a $500 fine in the instant case, thereby foreclosing D.W. from now relying on the Ex Post Facto Clause to shield him from, what is in my view, a lawfull condition of probation.

## IV.

Because I believe that a fine of $500 is authorized, foreseeable and appropriate in the context of the instant case, I would affirm the holding of the Appellate Division in all respects. The majority does not, and I therefore respectfully dissent.

## JUDGMENT AND ORDER

THIS MATTER came on for a disposition hearing on January 28, 1992, before the Honorable Ive Arlington Swan, Judge of the Territorial Court. The Government appeared through Douglas Dick, Assistant Attorney General, and the minor appeared with counsel, Treston Moore, Esquire. The Court received and reviewed a dispositional summary from the Department of Human Services. The premises considered and the Court being sufficiently advised, it is hereby

ORDERED that David Weibel is adjudicated delinquent on Count I, negligent homicide; and it is further

ORDERED that the minor is placed on probation until his nineteenth birthday; and it is further

ORDERED that the minor shall remain in the legal custody of his mother, shall reside with her and shall obey the rules and regulations of her home; and it is further

ORDERED that the minor shall perform five hundred (500) hours of community service during his probationary period; and it is further

ORDERED that the minor shall pay a fine of $500.00 within six (6) months of the date of this order; and it is further

ORDERED that the minor shall report to the Department of Human Services as often as instructed by his caseworker; and it is further

ORDERED that a copy of this Order be served on David Weibel with copies to Tracy Langford at the Department of Human Services, the Juvenile Bureau, Treston Moore, Esquire, and Douglas Dick, Assistant Attorney General.