880 P.2d 242

**Owen C. SLICKPOO, Defendant–Appellant,**

v.

**STATE of Idaho, Plaintiff–Respondent.**

No. 20578.

Supreme Court of Idaho,
Boise, February 1994 Term.

Aug. 25, 1994.

Knowlton Miles Merica & Brudie, P.A., and Lewiston, for appellant.

Honorable Larry EchoHawk, Atty. Gen., Douglas A. Werth, Deputy Atty. Gen., Boise, for respondent.

McDEVITT, Chief Justice.

## I

## BACKGROUND AND PROCEDURE

On November 10, 1991, Owen C. Slickpoo (Slickpoo), a registered member of the Nez Perce tribe, was arrested and charged with driving under the influence (D.U.I.), driving with a suspended license, possession of drug paraphernalia, and operating a motor vehicle without liability insurance. Slickpoo moved to suppress all evidence gained as a result of the officer stopping his vehicle and dismiss the charges against him on the grounds that, because the reasonable suspicion for stopping Slickpoo's car accrued on the Nez Perce reservation, the state lacked jurisdiction to prosecute Slickpoo.

At a hearing on Slickpoo's motion, the parties stipulated that the stop and arrest took place on a publicly maintained highway off the Nez Perce reservation. The magistrate also heard evidence from Slickpoo and Corporal G.T. Myers (Myers), the arresting officer. Myers testified that he first noticed that Slickpoo was driving erratically while on the reservation. Myers further testified that Slickpoo made an illegal lane change and failed to come to a complete stop at an intersection after leaving the reservation. Myers then activated his overhead lights and stopped Slickpoo's vehicle. Slickpoo testified that he did not cross into another lane after leaving the reservation.

The magistrate denied Slickpoo's motion to suppress and dismiss, finding that Officer Myers had sufficient cause to stop Slickpoo based solely on the conduct that occurred off the reservation. The magistrate then stated:

That would make the second ruling probably not necessary. But based on the fact that the officer can issue citations to certain people and not to others, for the purpose of the record today and either side's determination of where they want to take it from today, this next ruling, like I say, is probably moot based on the first ruling, but I'm also going to make a ruling that because of their authority concerning who they can write citations to and who they can't based on race, that by seeing a probable cause for a stop south of the line does give the officer the authority to stop the vehicle and investigate that further, because at that point he has no determination whether or not he's dealing with a tribal member or non tribal member. And based on that initial stop can then investigate that further to whatever that turns out to be and in this case a DUI.

Pursuant to a plea agreement, Slickpoo then entered a conditional plea of guilty to the DUI charge, retaining his right to appeal the magistrate's denial of his motion to suppress and dismiss under I.A.R. 11. After hearing additional argument on appeal, the district court found that an infraction occurred "inside the City of Lapwai, which was within the jurisdiction of the officer and of this court." The district court also ruled on the jurisdictional issue, holding that "if the conduct that is outside of the jurisdiction provides a reasonable suspicion that the defendant is driving a motor vehicle within the jurisdiction of the officer, that does not foreclose the officer from making that stop." Slickpoo then filed a notice of appeal to this Court, contending that the magistrate erred by finding that a reasonable basis for stopping Slickpoo took place on a public highway outside the reservation, and by concluding that an officer who observes conduct occurring outside that officer's jurisdiction can use that observation as the basis of a reasonable suspicion to stop a vehicle that travels into the officer's jurisdiction.

## II

## STANDARD OF REVIEW

When this Court hears an appeal from a final judgment of a magistrate following an appeal to district court, our review of

the magistrate's rulings is independent from the decision of the district court. *State v. Kenner,* 121 Idaho 594, 596–97, 826 P.2d 1306, 1308–09 (1992). Our review of the magistrate's rulings is bifurcated in cases where a criminal defendant has moved for the suppression of evidence. While this court will defer to the magistrate's findings of fact unless they are clearly erroneous, we freely review the trial court's application of the law to those facts. *State v. Bainbridge,* 117 Idaho 245, 247, 787 P.2d 231, 233 (1990); *State v. Weber,* 116 Idaho 449, 452, 776 P.2d 458, 461 (1989).

## III

### THE MAGISTRATE'S FINDING THAT SLICKPOO COMMITTED AN IN-FRACTION ON A PUBLIC HIGH-WAY WAS NOT CLEARLY ERRO-NEOUS

Slickpoo contends on appeal that, because Officer Myers' testimony on cross-examination contradicted his testimony during direct examination, the magistrate's findings based on Slickpoo's direct testimony are clearly erroneous. When asked on direct examination whether Slickpoo violated any traffic regulations north of the reservation boundary at Beaver Grade road, Myers answered that Slickpoo made an illegal lane change and failed to come to a complete stop before proceeding through a controlled intersection. On cross-examination, Myers was asked if Slickpoo "crossed the double-yellow line at the end of the turn bay." Myers testified that he was not sure.

Nothing in the record before this Court indicates that Myers' direct testimony, that Slickpoo failed to come to a complete stop and changed lanes illegally on a publicly maintained road within the city limits of Lapwai, is inconsistent with his testimony on cross-examination, that he was not sure whether Slickpoo crossed over the double-yellow line after leaving the reservation. Much of the testimony taken at the hearing before the magistrate is based on extensive references to diagrams of the area where Myers stopped Slickpoo. Although the magistrate had the benefit of viewing those dia-grams during the hearing, they were not introduced into evidence and are not included in the record on appeal. The burden rests with the appellant, Slickpoo, to present a record on appeal from which this Court can meaningfully review the testimony of the witnesses below. *Chenoweth v. Sanger,* 123 Idaho 189, 190–91, 846 P.2d 191, 192–93 (1993).

Nothing in the record before this Court shows that the magistrate's finding that Slickpoo committed a traffic violation while on a public road in the city of Lapwai was erroneous. Finding that Slickpoo violated a traffic regulation provided a sufficient basis for Myers to stop Slickpoo's vehicle independent from any actions observed while Slickpoo was on the reservation. *See In re Griffiths,* 113 Idaho 364, 368, 744 P.2d 92, 96 (1987) ("It is clear that exceeding the speed limit and repeatedly failing to stay within one's traffic lane furnishes probable cause to stop a motor vehicle."). Because we hold that Slickpoo's conduct after leaving the reservation presented a sufficient basis for Myers to stop his vehicle, it is not necessary to discuss whether Myers had jurisdiction to stop Slickpoo based on the conduct Myers observed while Slickpoo was on the reservation.

## III

### CONCLUSION

Slickpoo's conviction of the charge of driving under the influence is affirmed.

BISTLINE, JOHNSON, TROUT and SILAK, JJ., concur.