924 P.2d 214

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Kristina Lynn SCHORZMAN, Defendant–Appellant.**

**No. 22183.**

Supreme Court of Idaho,
Coeur d' Alene, May 1996 Term.

Oct. 4, 1996.

Bruce H. Greene, Bonner County Public Defender, Sandpoint, for defendant–appellant.

Alan G. Lance, Attorney General, John C. McKinney, Deputy Attorney General (argued), for plaintiff–respondent.

## AMENDED OPINION

**THE COURT'S OPINION DATED AUGUST 2, 1996 IS HEREBY WITHDRAWN**

McDEVITT, Chief Justice.

This case involves a contempt order based upon Kristina Schorzman's failure to pay a criminal fine that was imposed on October 26, 1987. Schorzman argues on appeal that the magistrate erred in determining that the statute of limitations was not a defense. Schorzman further asserts that there was insufficient evidence to support the magistrate's finding of contempt. We affirm the magistrate's contempt order.

## I.

### FACTS AND PRIOR PROCEEDINGS

On August 28, 1987, Kristina Lynn Schorzman was cited for a traffic misdemeanor for driving under the influence of alcohol, pursuant to I.C. § 18–8004. Schorzman refused to take a breath test. On September 9, 1987, an order finding probable cause for the arrest of Schorzman was entered.

On October 26, 1987, a judgment was entered on Schorzman's plea of guilty to the crime of driving under the influence of alcohol, under I.C. § 18–8004. The Judgment on Plea of Guilty (Judgment) imposed a $225.50 penalty for fines and costs and set forth a payment plan of $10.00 per month commencing November 5, 1987. In addition, Schorzman was put on two years probation and sentenced to ten days in jail, with all but two days suspended. Schorzman was credited for jail time she had already served. Schorzman's license was suspended for 30 days.

Schorzman's fine was never paid.

On April 13, 1994, an order to show cause was issued that directed Schorzman to appear before the court on May 17, 1994, to show cause why she should not have been held in contempt. Schorzman was further advised that if she did not appear a warrant would be issued for her arrest.

On May 17, 1994, Schorzman appeared before the court and stated under oath that she could not afford to pay her fine. A public defender was appointed for Schorzman.

On June 21, 1994, the magistrate considered Schorzman's motion to dismiss, based upon Schorzman's contention that the statute of limitations had run. The magistrate denied Schorzman's motion to dismiss, finding "that the contempt was a continuing contempt...."

Schorzman appealed to the district court. The district court affirmed the magistrate's decision. Schorzman appealed to the Idaho Supreme Court.

## II.

### THE CONTEMPT ORDER WAS NOT BARRED BY THE STATUTE OF LIMITATIONS

This Court freely reviews questions of law. *Downey Chiropractic Clinic v. Nampa Restaurant Corp.*, 127 Idaho 283, 285, 900 P.2d 191, 193 (1995). We independently review the magistrate's decision with due regard for the district court's appellate decision. *Phillips v. Consolidated Supply Co.*, 126 Idaho 973, 975, 895 P.2d 574, 576 (1995).

Schorzman argues that the contempt order against her is barred by the statute of limitations. We disagree.

The Judgment clearly stated that Schorzman owed a total of $225.50 for fines and costs, and sentenced Schorzman to ten days in jail, with all but two days in jail suspended. The Judgment also placed Schorzman on two years probation.

In *In re Williams,* 120 Idaho 473, 817 P.2d 139 (1991), this Court recognized that a contempt order may be criminal or civil in nature. The *Williams* Court explained that "[w]hen sanctions are imposed to punish the contemnor for past acts, the contempt is criminal; when sanctions are imposed for compensatory or coercive reasons, the contempt is civil in nature." *In re Williams,* 120 Idaho at 480, 817 P.2d at 146.

In the present case, the primary purpose of the contempt order against Schorzman was to coerce compliance with the court's order. The contempt order imposed a penalty of five days in jail, providing that Schorzman could purge the contempt order by paying the fine and costs of $225.50. We conclude the contempt order was a civil contempt order. This is not a case where the goal of the contempt order was to punish the contemnor for past acts.

Section 1–1603 of the Idaho Code provided the magistrate in this case with the power "[t]o compel obedience to its judgments, orders and process...." I.C. § 1–1603(4); *see also* I.C. § 1–1901; *State v. Babb,* 125 Idaho 934, 938–39, 877 P.2d 905, 909–10 (1994) ("I.C. § 1–1603 states that every court has power to compel obedience to its orders."); *Marks v. Vehlow,* 105 Idaho 560, 566, 671 P.2d 473, 479 (1983). The contempt order was nothing more than judicial enforcement of an order of the court. There is no statute of limitations relating to a court's civil contempt powers. We affirm the magistrate's contempt order.

## III.

## SCHORZMAN FAILED TO PROPERLY PRESERVE FOR APPEAL THE ISSUE OF WHETHER THE CONTEMPT ORDER WAS PROPERLY ENTERED

■ Schorzman contends there was insufficient evidence to support the contempt order.

The basis for the contempt order occurred outside the presence of the court, making Schorzman's failure to obey the court's order an indirect contempt. *See* I.C. § 7–603. When the contempt is an indirect contempt, an affidavit must be presented to the court. I.C. § 7–603; *In re Williams,* 120 Idaho at 477, 817 P.2d at 143.

The affidavit that initiated the indirect contempt order in this case was not included in the record before this Court. The burden was on Schorzman to present a sufficient record for appellate review. *Slickpoo v. State,* 126 Idaho 212, 214, 880 P.2d 242, 244 (1994). Without the affidavit that initiated the contempt order, we are unable to review the validity of the magistrate's contempt order and must conclude the contempt order was properly entered. *Id.*

■ In addition, we note that although Schorzman raised the issue of whether the contempt order was properly entered, Schorzman failed to present evidence or argument supporting such theory before the magistrate. In *Viveros v. State Dep't of Health & Welfare,* 126 Idaho 714, 889 P.2d 1104 (1995), we held that in cases where no facts, theories, or argumentation have been presented below, this Court will not consider such issues for the first time on appeal. *Viveros,* 126 Idaho at 716, 889 P.2d at 1106.

## IV.

## CONCLUSION

We affirm the magistrate's contempt order. No costs are awarded.

JOHNSON, TROUT, SILAK and SCHROEDER, JJ., concur.