**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38310**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2012 Unpublished Opinion No. 313** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: January 10, 2012** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **MARK STEPHEN WICKLUND,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Thomas F. Neville, District Judge.

Order denying motion to modify probation, <u>affirmed</u>.

Jacob D. Deaton, Eagle, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

PERRY, Judge Pro Tem

Mark Stephen Wicklund appeals from the district court's denial of his motion to modify his probation. We affirm.

**I.**

**FACTS AND PROCEDURE**

In 2001, Wicklund was indicted on the charge of sexual battery of a minor child sixteen or seventeen years of age, I.C. § 18-1508A. Pursuant to a written plea agreement, Wicklund pleaded guilty. On November 15, 2001, the district court filed a judgment of conviction wherein it imposed a unified term of imprisonment of seven years, with two years fixed. The judgment further provided that:

> The Court does hereby suspend execution of the above sentence and places the defendant on probation for a seven (7) year period upon the following terms and conditions.
> . . . .

1

e. The defendant shall pay a $20,000 fine at the minimum rate of $250 per month.

In 2008, the district court found Wicklund in violation of one of the terms of his probation. On August 8, 2008, the district court entered an order reinstating probation, adding additional terms and extending the time of probation "through November 13, 2011."

On October 19, 2010, Wicklund filed a motion seeking relief from the fine imposed as a term of probation.[1] He contended, among other things, that his changed financial circumstances made it impossible for him to pay the fine. The district court denied the motion. Wicklund appealed.

On December 13, 2011, this Court entered an order noting that the appellate record showed that Wicklund's probation was set to expire on November 13, 2011. In the order, we allowed the parties seven days to inform this Court why this case is not moot. The State did not respond. Wicklund responded, contending that the case was not moot because he asserts he can still be found in contempt for failing to pay the fine.[2] Without addressing the merits of Wicklund's argument, we turn to his underlying issue raised on appeal, that is, it is "impossible" for Wicklund to pay the remainder of his fine as a condition of his probation.

## II.

## ANALYSIS

On appeal, Wicklund contends that the district court erred in denying his motion to set aside the fine because his present financial circumstances render it impossible for him to pay it. Idaho Code Section 19-2601(2) gives the trial court the discretion to place a defendant on probation "under such terms and conditions as it deems necessary and expedient." However, the statute does not provide the trial court with the authority to impose arbitrary or unreasonable conditions. *State v. Wakefield*, 145 Idaho 270, 273, 178 P.3d 635, 638 (Ct. App. 2007).

---

[1] *See State v. Cross*, 105 Idaho 494, 670 P.2d 901 (1983) (holding that a fine may be imposed as a term of probation). *See also State v. McCool*, 139 Idaho 804, 87 P.3d 291 (2004).

[2] In his response Wicklund cited to *State v. Schorzman*, 129 Idaho 313, 924 P.2d 214 (1996). In *Schorzman*, the Supreme Court addressed the trial court's contempt powers when a defendant fails to pay a fine that is part of the sentence. It was not an instance where the fine was a condition of probation and is therefore completely inapplicable here.

Imposition of a term of probation impossible of fulfillment is an abuse of discretion. *State v. Sandoval*, 92 Idaho 853, 861, 452 P.2d 350, 358 (1969).

For two reasons, Wicklund's claim of error is without merit. First, in this appeal Wicklund improperly relies upon unsworn statements in his motion to establish the evidentiary basis for his current claim of impossibility. He claims in his appellate brief that the "facts as set forth in Wicklund's motion stand uncontroverted." Although Wicklund apparently submitted an affidavit along with his motion, he has failed to make that affidavit part of the record in this appeal. The motion itself is not evidence, however. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App. 1991).

Second, even if this Court were to accept the assertions of Wicklund in his motion as true, he has failed to show that his financial condition makes it impossible for him to pay the fine. Among other things, Wicklund stated that he lives at home and cares for his elderly parents and that he has paid over $5,000 of his fine. He claims he has been disabled and unable to work since 2006, and that the district court's term of probation restricting his use of the Internet leaves him without alternative gainful employment. He concedes that he collects a monthly disability payment of $1,300; however, he states it does not cover his living expenses. He also points out that the probation office has waived his monthly supervision fee. Wicklund fails to show that his compliance with the term of probation is "impossible" because "[a]lleging difficulty in meeting the payments, as opposed to impossibility, is not sufficient to find an abuse of discretion." *State v. Cross*, 105 Idaho 494, 496, 670 P.2d 901, 903 (1983).

The district court's order denying the motion to modify probation is affirmed.

Chief Judge GRATTON and Judge MELANSON **CONCUR.**

3