87 P.3d 291

**STATE of Idaho, Plaintiff–Respondent,**

**v.**

**Jenifer M. McCOOL, Defendant– Appellant.**

**No. 30142.**

Supreme Court of Idaho,
Boise, February 2004 Term.

Feb. 26, 2004.

John. M. Adams, Kootenai County Public Defender, Coeur d'Alene, for appellant. John M. Adams argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Kenneth K. Jorgensen, Deputy Attorney General, argued.

EISMANN, Justice.

We granted a petition for review in this case to decide whether the district court erred in ordering the defendant to reimburse the cost of drug court counseling as a condition of her probation. We hold that the district court did not err in doing so.

## I. FACTS AND PROCEDURAL HISTORY

On August 11, 2001, the appellant Jenifer McCool was arrested for possession of methamphetamine, a felony, as a result of that drug being found in her makeup case during the consensual search of a motor vehicle in which she was a passenger. Because of a syringe and knife also found during that search, the officer also issued a citation charging her with possession of drug paraphernalia and possession of a concealed weapon, both misdemeanors. On August 13, 2001, the State filed a complaint charging her with possession of methamphetamine.

On August 13, 2001, Ms. McCool made her initial appearance in court. Upon her request, the court appointed a public defender, who was present, to represent her. It also ordered the two misdemeanors consolidated with the felony, set bail in the combined sum of $10,600, and ordered the felony charge set for a preliminary hearing within fourteen days.

On August 24, 2001, the date set for the preliminary hearing, Ms. McCool, her attorney, and a deputy prosecutor appeared in court and stated on the record a plea agreement they had reached. Ms. McCool would waive her right to a preliminary hearing and be bound over to district court, where she would plead guilty to the felony and the misdemeanor charges would be dismissed. She would enter the Kootenai County Drug Court program, and upon successfully completing that program her felony charge

would be reduced to a misdemeanor. Finally, the deputy prosecutor would not object to Ms. McCool being released immediately upon her own recognizance. Pursuant to that agreement, the magistrate judge ordered that Ms. McCool be released on her own recognizance and that she appear in district court on September 11, 2001. On that date, Ms. McCool appeared in court and pled guilty to the felony. The court accepted her plea, accepted her into drug court, and dismissed the two misdemeanor charges.

On November 13, 2001, Ms. McCool was terminated from the drug court program because she had absconded felony probation in California and had another drug charge pending in that state. Although the parties had known of the pending criminal matters in California, they apparently assumed incorrectly that California would not seek to extradite Ms. McCool and that she could therefore complete the drug court program, which was estimated to take approximately nine months.

On January 25, 2002, the district court sentenced Ms. McCool for possession of methamphetamine to four years in the custody of the Idaho Board of Correction, with the first two years of that sentence fixed and the remainder indeterminate. The court suspended that sentence and placed her on probation for four years. As one of the terms of probation, the court ordered Ms. McCool to pay $162.60 to the office of the Kootenai County Prosecuting Attorney and $630.00 to the Kootenai County Clerk as reimbursement for counseling services Ms. McCool had received from Powder Basin Associates while she was in the drug court. Ms. McCool then timely appealed.

The Idaho Court of Appeals initially heard this appeal. It ruled that neither the Kootenai County prosecutor's office nor Powder Basin Associates were victims as defined in Idaho Code § 19–5304(1)(e). It then addressed the State's alternative argument that the payments ordered could be upheld under Idaho Code § 37–2732(k), which permits the court to order restitution for costs incurred by law enforcement agencies in investigating the violation when a defendant is convicted of

a felony violation of the Uniform Controlled Substances Act. The Court of Appeals held that the order to pay $162.60 to the Kootenai County prosecutor's office could be upheld under § 37–2732(k), but the order to pay for counseling obtained from Powder Basin Associates could not. It held that because there was no statutory authority authorizing the district court to order reimbursement for the cost of her counseling while in drug court, the district court erred in ordering Ms. McCool to pay such sum. It therefore vacated those portions of the judgment of conviction and probation order that required payment of the $630.00 and affirmed those portions requiring payment of $162.60 to the Kootenai County prosecutor's office. The State filed a petition asking us to review the decision of the Court of Appeals, and we granted review as to the sole issue of whether reimbursement for drug court participation counseling can be ordered as a condition of probation.

## II. ANALYSIS

■ Before addressing the merits, it is necessary to clarify the issue on appeal. Idaho Code §§ 19–5302, 19–5304, and 19–5305 provide that the court in a criminal case can enter what is, in essence, a civil judgment for restitution against the defendant. Section 19–5302 provides: "If a district court or magistrate's division orders the defendant to pay restitution, the court shall order the defendant to pay such restitution to the victim or victims injured by the defendant's conduct." Idaho Code § 19–5304(2) provides, "An order of restitution shall be a separate written order in addition to any other sentence the court may impose." Idaho Code § 19–5305 provides: "After forty-two (42) days from the entry of the order of restitution or at the conclusion of a hearing to reconsider an order of restitution, whichever occurs later, an

order of restitution may be recorded as a judgment and the victim may execute as provided by law for civil judgments." Thus, the order of restitution provided in Idaho Code § 19–5304(2) becomes, in essence, a civil judgment for the amount of such restitution.

When sentencing Ms. McCool, the district court stated, "I am going to order pursuant to Idaho Code Section 19–5302 that you pay your victim in this matter as follows: $162.60 to the county prosecutor's office and $630.00 to Powder Basin Associates, and that will be—there can be a civil judgment entered against you for those amounts." The written judgment of conviction contained a provision stating:

> IT IS FURTHER ORDERED pursuant to *I.C. § 19–5302,* that you shall pay your victim(s) in this matter as follows: $162.60 to the Kootenai County Prosecutor's Office, and $630.00 to Powder Basin Associates. Thereafter, a separate civil judgment shall be entered against you and in favor of your victims. Such civil judgment shall bear statutory interest from the date of each offense.

Although the district court stated both orally and in writing that a separate civil judgment would be entered against Ms. McCool, there is nothing in the record indicating that such judgment was ever entered, nor does Ms. McCool argue that it was. Therefore, in this appeal we are not concerned with Idaho Code §§ 19–5302, 19–5304, and 19–5305. Rather, we are concerned with the district court's authority to order payment of such sums as a condition of probation.

■ When pronouncing sentence, the district court also stated, "As part of your probationary terms, I'm ordering in my order of judgment and sentence that you pay $162.60 to the Kootenai prosecutor's office and $630.00 to Powder Basin Associates."[1] By

---

1. The written terms and conditions of probation included a provision, "That you shall pay restitution to your victim(s) in this matter in the amount of $162.60 to the Kootenai County Prosecutor's Office, and $630.00 to Powder Basin Associates." Although neither of them are "victims" as that term is normally used, such characterization is not relevant to the issue of whether or not the district court could order

such payments as a condition of probation. Furthermore, the sentence orally pronounced by the court controls when there is any disparity between it and the written judgment of conviction. A sentence is required to be pronounced in open court with the defendant present. *Lopez v. State,* 108 Idaho 394, 700 P.2d 16 (1985); *State v. Creech,* 105 Idaho 362, 365, 670 P.2d 463, 466 n. 1 (1983); IDAHO CODE § 19–2503

order entered on February 1, 2002, the payee of the $630.00 was changed from Powder Basin Associates to the Kootenai County Clerk. Thus, the issue is whether the district court erred in ordering such payment as a condition of probation.

Idaho Code § 19–2601(2) provides that when sentencing a defendant, the trial court, in its discretion, may suspend the execution of the judgment "and place the defendant on probation under such terms and conditions as it deems necessary and expedient." "It is apparent from the broad language of § 19–2601 that the legislature intended the courts to have maximum flexibility to fashion the sentence most appropriate to the individual defendant. The statute therefore must be liberally construed." *State v. Wagenius,* 99 Idaho 273, 279, 581 P.2d 319, 325 (1978). "A defendant may decline probation when he [or she] deems its conditions too onerous, and demand instead that he [or she] be sentenced by the court." *Franklin v. State,* 87 Idaho 291, 298, 392 P.2d 552, 555 (1964).

A condition of probation must be reasonably related to the purpose of probation, rehabilitation. *State v. Cross,* 105 Idaho 494, 670 P.2d 901 (1983). We have held that § 19–2601 authorizes a trial court to require payment of money as a condition of probation, *Id.,* and to impose a term in the county jail, *Peltier v. State,* 119 Idaho 454, 808 P.2d 373 (1991). In *State v. Wagenius,* we stated, "Likewise, the payment of court costs and restitution are also proper and often very useful conditions of withheld judgments and probation." 99 Idaho at 279, 581 P.2d at 325 (footnote omitted). In *State v. Cross,* we held that payment of a $25,000 fine as a condition of probation was reasonably related to rehabilitation, stating, "We believe that the district court adequately determined that the fine would help rehabilitate the defen-

dants and we agree that requiring them to pay $25,000.00 would impress upon them the seriousness of their actions as well as possibly deter them from conducting future illegal activity in Idaho." 105 Idaho at 496, 670 P.2d at 903.

We are not dealing in this case with a probationary term requiring that the defendant obtain necessary counseling at his or her expense. Such a requirement would clearly be reasonably related to rehabilitation. The requirement here was that Ms. McCool reimburse for counseling that she received, but was unable to complete, prior to sentencing. She has not argued that such requirement was not reasonably related to her rehabilitation. Certainly, paying such sum would help impress upon her the seriousness of her actions. It would also have the salutary effect of having her pay a portion of the debt she owes society for her crime. That expense was incurred as part of a publicly funded program she voluntarily entered in an attempt to resolve her felony criminal charge favorably to herself and to stop her use of illegal drugs and related criminal activity. Therefore, the district court did not err in ordering that she reimburse the cost of her counseling as a condition of her probation.

### III. CONCLUSION

We affirm judgment of the district court ordering, as a condition of probation, that Ms. McCool pay $630.00 to the Kootenai County Clerk as reimbursement for counseling services provided by Powder Basin Associates.

Chief Justice TROUT and Justices SCHROEDER, KIDWELL and BURDICK concur.

(1997). It would violate that requirement to hold that a subsequently issued written judgment modified the terms of the sentence orally pronounced when the defendant was present. See, *State v. Searcy,* 118 Idaho 632, 798 P.2d 914 (1990) (trial court cannot correct an invalid sentence without the defendant being present); *State v. Phillips,* 99 Idaho 354, 581 P.2d 1173 (1978) (written judgment and sentence cannot

be used to resolve ambiguity in the sentence that was orally pronounced). When pronouncing sentence, the district court did not refer to the prosecutor's office and the counseling provider as "victims," but merely stated, "As part of your probationary terms, I'm ordering in my order of judgment and sentence that you pay $162.60 to the Kootenai prosecutor's office and $630.00 to Powder Basin Associates."