95 P.3d 84

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Mark JEFFS, Defendant–Appellant.**

No. 29593.

Court of Appeals of Idaho.

June 28, 2004.

Molly J. Huskey, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant. Erik R. Lehtinen argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

PERRY, Judge.

Mark Jeffs appeals from the district court's order of probation, arguing that the district court exceeded its statutory authority in ordering that he pay, as restitution, child support for the child he fathered in an amount that did not reflect the victim's actual losses and that the district court improperly delegated its authority to set the amount of restitution. Jeffs also asserts that the district court abused its discretion by ordering that the child support obligation would continue for the duration of his probation even if his parental rights are terminated. For the reasons set forth below, we affirm.

## I.

### FACTS AND PROCEDURE

In 2001, Jeffs was charged with one count of lewd conduct with a minor under the age of sixteen. I.C. § 18–1508. The charge was filed after Jeffs engaged in intercourse with his son's fifteen-year-old girlfriend, M.B., who consequently became pregnant with Jeffs's child. Jeffs pled guilty, and the district court imposed a unified sentence of fifteen years, with a minimum period of confinement of five years. However, the district court retained jurisdiction for 180 days and, at the expiration of that time, suspended Jeffs's sentence and placed him on probation for fifteen years.

At the hearing in which Jeffs was placed on probation, the district court ordered, as a term of probation, that Jeffs pay "restitution" in the form of child support in an amount to be fixed by the court that had jurisdiction over the child. The district court further ordered that, even if Jeffs's parental rights are terminated, his child support obligation would continue until the expiration of his probation.

Jeffs appeals, arguing that the district court exceeded its statutory authority in ordering, as a term of his probation, that he pay restitution in an amount that did not reflect the victim's actual losses and that the district court improperly delegated the authority to set the amount of restitution. Jeffs also asserts that the district court abused its discretion by ordering that the restitution obligation would continue even if his parental rights are terminated.

## II.

### ANALYSIS

#### A. Statutory Authority

■ Jeffs argues that the district court exceeded its statutory authority by ordering him to pay restitution in the form of child support because I.C. § 19–5304 only authorizes restitution for actual losses. Jeffs asserts that the district court erroneously ordered that he pay restitution that reflected future losses and not losses the victim actually suffered.

Orders for the payment of restitution to crime victims are governed by I.C. § 19–5304. However, the Idaho Supreme Court recently addressed the application of I.C. § 19–5304 to an order of restitution as a term of probation. *See State v. McCool,* 139 Idaho 804, 87 P.3d 291 (2004). In *McCool,* the defendant was placed on probation for possession of methamphetamine and, as a

term of probation, was ordered to reimburse the prosecuting attorney's office and the county clerk for counseling services she received while she was a participant in drug court. In analyzing the case, the Supreme Court reviewed the statutes governing restitution, I.C. §§ 19–5302, 19–5304, and 19–5305. Idaho Code Section 19–5302 allows a court to order the defendant to pay restitution to the victim or victims injured by the defendant's conduct. Section 19–5304(2) provides that an "order of restitution shall be a separate written order in addition to any other sentence the court may impose." Section 19–5305 states that, "after forty-two (42) days from the entry of the order of restitution or at the conclusion of a hearing to reconsider an order of restitution, whichever occurs later, an order of restitution may be recorded as a judgment and the victim may execute as provided by law for civil judgments." The Supreme Court held in *McCool* that, although the district court ordered restitution pursuant to Section 19–5302, because no separate civil judgment was entered against the defendant, Sections 19–5302, 19–5304, and 19–5305 were inapplicable. The Court determined that the issue on appeal therefore was whether the district court erred in ordering reimbursement of counseling costs as a condition of probation pursuant to I.C. § 19–2601(2).

In the present case, the district court stated that it was ordering Jeffs to pay "restitution" in the form of child support. However, the order of probation did not indicate that the child support was ordered pursuant to I.C. § 19–5304 and the district court did not enter a separate restitution order or civil judgment. Therefore, based upon the Idaho Supreme Court's analysis in *McCool,* we must address Jeffs's appeal under the standards set forth in I.C. § 19–2601(2).

Idaho Code Section 19–2601(2) provides that, when sentencing a defendant, the district court, in its discretion, may suspend the execution of the judgment and "place the defendant on probation under such terms and conditions as it deems necessary and expedient." "It is apparent from the broad language of I.C. § 19–2601 that the legislature intended the courts to have maximum flexibility to fashion the sentence most appropriate to the individual defendant. The statute therefore must be liberally construed." *State v. Wagenius,* 99 Idaho 273, 279, 581 P.2d 319, 325 (1978). A condition of probation must be reasonably related to the purpose of probation, rehabilitation. *McCool,* 139 Idaho at 807, 87 P.3d at 294; *State v. Cross,* 105 Idaho 494, 495, 670 P.2d 901, 902 (1983).

It has been held that the payment of court costs and victim compensation are proper and often very useful conditions of withheld judgments and probation. *See Wagenius,* 99 Idaho at 279, 581 P.2d at 325; *Cross,* 105 Idaho at 496, 670 P.2d at 903; *State v. Geier,* 109 Idaho 963, 966, 712 P.2d 664, 667 (Ct.App.1985). A victim reimbursement requirement "facilitates rehabilitation by confronting the defendant with the consequences of his or her criminal conduct and forcing the defendant to accept financial responsibility for the resulting harm." *State v. Breeden,* 129 Idaho 813, 816, 932 P.2d 936, 939 (Ct.App.1997). It also "promotes public safety by exacting a 'price' for the crime, which may deter the defendant and others from such offenses." *Id.* at 816, 932 P.2d at 939. Additionally, victim compensation "must be directed toward correcting a harm or paying a cost that results from the defendant's crime." *State v. Wardle,* 137 Idaho 808, 811, 53 P.3d 1227, 1230 (Ct.App.2002).

In *McCool,* the Idaho Supreme Court had to determine whether the district court erred in ordering the defendant to reimburse counseling costs as a condition of her probation. In reaching its decision to uphold the district court, the Supreme Court stated:

The requirement here was that Ms. McCool reimburse for counseling that she received, but was unable to complete, prior to sentencing. She has not argued that such requirement was not reasonably related to her rehabilitation. Certainly, paying such sum would help impress upon her the seriousness of her actions. It would also have the salutary effect of having her pay a portion of the debt she owes society for her crime. That expense was incurred as part of a publicly funded program she voluntarily entered in an attempt to re-

solve her felony criminal charge favorably to herself and to stop her use of illegal drugs and related criminal activity. *McCool,* 139 Idaho at 807, 87 P.3d at 294.

Similar to the *McCool* case, requiring Jeffs to assume financial responsibility for his child will help impress upon him the seriousness of his actions and will require him to pay a portion of the debt he owes society or at least minimize any further debt to society. It will facilitate rehabilitation by confronting him with the consequences of his criminal conduct and forcing him to accept financial responsibility. Therefore, based upon the broad language of I.C. § 19–2601(2), we conclude that the district court did not exceed its authority in ordering Jeffs to pay child support as a condition of his probation.[1]

**B. Termination of Parental Rights**

■ Jeffs also challenges the district court's order that Jeffs pay restitution in the form of child support for the full duration of his probation, even if his parental rights are terminated. In support of his position, Jeffs cites to I.C. § 16–2011 which provides that "an order terminating the parent and child relationship shall divest the parent and the child of all legal rights, privileges, duties, and obligations, including rights of inheritance, with respect to each other." While it is true that Jeffs's legal rights, privileges, and obligations toward his child cease if his parental rights are terminated, the district court's directive to pay restitution in the form of child support is a condition of probation in a criminal case. Thus, to determine its validity, we need only consider whether the order is reasonably related to the purpose of probation, rehabilitation. *See McCool,* 139 Idaho at 807, 87 P.3d at 294.

Based on the same reasons we conclude that the requirement to pay restitution in the form of child support was a valid condition of probation, we also conclude that under the present circumstances the duration of the condition of Jeffs's probation is reasonably related to Jeffs's rehabilitation. We cannot speculate on whether the duration of Jeffs's probation condition is reasonably related to

the purpose of probation if Jeffs's parental rights are terminated some time in the future. The record contains no evidence that such termination has been sought or obtained. Any other unforeseen circumstances, such as a termination of M.B.'s parental rights or death of the child, cannot be considered by this Court as well. If any such events were to occur, Jeffs's terms of probation are subject to modification by the district court, which has continuing jurisdiction over all aspects of Jeffs's probationary status. *See State v. Branson,* 128 Idaho 790, 792, 919 P.2d 319, 321 (1996); *Peltier v. State,* 119 Idaho 454, 460, 808 P.2d 373, 379 (1991). Therefore, after reviewing the record, we conclude that Jeffs has failed to demonstrate that, under the present circumstances, his terms of probation are invalid.

## III.

## CONCLUSION

The district court did not abuse its discretion when it ordered as a condition of probation that Jeffs pay child support in an amount determined by a court with jurisdiction over the child. Additionally, the district court did not erroneously order that the child support continue even if Jeffs's parental rights are terminated. Therefore, the district court's order of probation is affirmed.

Chief Judge LANSING and Judge Pro Tem WALTERS concur.

---

1. Based upon our holding, it is unnecessary to address Jeffs's further argument that the district court violated I.C. § 19–5304 by improperly delegating its authority to set the amount of support.