113 P.3d 224

Jan BUSSE, Plaintiff–Appellant,

v.

Michael A. BUSSE, Defendant–
Respondent.

No. 30572.

Supreme Court of Idaho,
Boise, April 2005 Term.

May 3, 2005.

Malcolm Dymkoski, Coeur d'Alene, Idaho, for appellant.

Walker, Rines, Amendola & Andersen, Coeur d'Alene, Idaho, for respondent. Gary I. Amendola argued.

JONES, Justice.

Jan Busse requested reinstatement of child support pursuant to I.C. § 32–706(2). Her former husband, Michael Busse, filed a Motion to Dismiss. The magistrate court granted Michael's motion, determining that it did not have jurisdiction to consider her request for support. Jan appealed to the district court, which affirmed the dismissal. The order of the magistrate court is vacated and the case is remanded for further proceedings consistent with this opinion.

I.

FACTUAL AND PROCEDURAL
BACKGROUND

Jan and Michael Busse were married in 1974 and divorced fifteen years later. They are the parents of two children, Sarah, born on July 16, 1984, and David, born on June 20, 1981. The original Decree of Divorce, which

was entered on March 10, 1989, provided for Jan to have primary physical custody of both children and mandated child support to be paid to Jan until the children reached the age of majority. In 1990 the parties stipulated to an order which relieved Michael of the obligation to pay Jan for David's support but continued the payment obligation for Sarah.

Sarah turned eighteen on July 16, 2002, which ended Michael's child support obligation under any existing court order. Jan filed a Motion for Modification of Support on October 29, 2002, requesting child support payments under I.C. § 32–706(2), based on the fact that Sarah was still attending high school. Under that statutory provision, the court has discretion to order support payments until a child continuing his or her education reaches age nineteen or upon graduation, whichever is sooner.

On April 2, 2003, Michael filed a Motion to Dismiss pursuant to Rule 12(b)(6). He argued that the original Decree of Divorce required he pay child support for Sarah only until she reached the age of majority and he had fulfilled his support obligations under the law which was in effect at the time he and Jan were divorced. At that time the law provided for support until age eighteen. Idaho Code § 32–706(2) was enacted in 1990, a year after the original decree was entered. Michael also argued that the court did not have jurisdiction over the subject matter because the Motion for Modification of Support was filed after Sarah turned eighteen.

The magistrate judge granted Michael's Motion to Dismiss in an order filed on May 14, 2003. Jan appealed to the district court, which affirmed the dismissal order. Jan timely appeals to this Court. She asserts the magistrate court and district court erred in granting Michael's Motion to Dismiss.

## II.

## ANALYSIS

In reviewing a trial court's order granting a motion to dismiss, the standard of review is the same as our summary judgment standard. *Rim View Trout Co. v. Idaho Dept. of Water Resources,* 119 Idaho 676, 677, 809 P.2d 1155, 1156 (1991). All facts and inferences from the record are to be viewed in favor of the nonmoving party to determine whether the motion was properly granted. *Id.* When reviewing the decision of a district court acting in its appellate capacity, we review the magistrate judge's decision independently of, but with due regard for, the district court's intermediate appellate decision. *Swanson v. Swanson,* 134 Idaho 512, 515, 5 P.3d 973, 976 (2000).

Jan filed her Motion for Modification of Support nearly three months after Sarah's eighteenth birthday. She requested that child support be provided until Sarah completed high school pursuant to I.C. § 32–706, which provides in part:

(1) In a proceeding for divorce or child support, the court may order either or both parents owing a duty of support to a child to pay an amount reasonable or necessary for his or her support and education until the child is eighteen (18) years of age, without regard to marital misconduct, after considering all relevant factors which may include:

(a) The financial resources of the child;

(b) The financial resources, needs, and obligations of both the custodial and non-custodial parents which ordinarily shall not include a parent's community property interest in the financial resources or obligations of a spouse who is not a parent of the child, unless compelling reasons exist;

(c) The standard of living the child enjoyed during the marriage;

(d) The physical and emotional condition and needs of the child and his or her educational needs;

(e) The availability of medical coverage for the child at reasonable cost;

(f) The actual tax benefit recognized by the party claiming the federal child dependency exemption.

(2) If the child continues his high school education subsequent to reaching the age of eighteen (18) years, the court may, in its discretion, and after considering all relevant factors which include those set forth in subsection (1) of this section, order the continuation of support payments until the child discontinues his high school education

or reaches the age of nineteen (19) years, whichever is sooner.

In support of his dismissal motion, Michael argued that the amendment to I.C. § 32–706, allowing support for an eighteen-year-old child, came into effect after the Decree of Divorce was entered and could not modify it. In his ruling from the bench, the magistrate judge discussed the question of whether the statute applied to an existing decree, though it is unclear what the judge concluded in this regard. The district court concluded the statute was intended to apply to an existing support order but affirmed the dismissal on jurisdictional grounds.

■ Idaho Code § 32–706(2) created a right to seek child support payments for a child between the ages of eighteen and nineteen who is pursuing his or her formal education. There is a strong public policy in favor of providing support to students. A larger population of educated people greatly benefits society. All students should be encouraged to finish high school, regardless of whether they have reached the age of eighteen, and the absence of child support should not influence the decision to stay in school. The Legislature intended to extend the right to support for an additional year for educational purposes. We recognized this right in the Idaho Child Support Guidelines, which provide in pertinent part, "The Guidelines apply to determinations of child support obligations between parents in all judicial proceedings that address the issue of child support for children under the age of eighteen years *or children pursuing high school education up to the age of nineteen years.*" I.R.C.P. (6)(c)(6)2 (emphasis added). The Guidelines are intended to apply to all "children pursuing high school education up to the age of nineteen." In a 1995 holding we said, "It is well established in Idaho that in a proceeding for divorce or child support, a court can compel a parent to support a child only until a child is eighteen years of age or until he or she reached the age of nineteen if the child continues to pursue formal education." *Noble v. Fisher*, 126 Idaho 885, 890, 894 P.2d 118, 123 (1995) (citations omitted).

There is no language in I.C. § 32–706(2) to indicate it cannot apply to a case where there is an existing support order. We will not imply a limitation where none exists. The fact that the 1990 amendment came into effect after the original decree was entered has nothing to do with Jan's right to seek support for Sarah after she turned eighteen. A parent wishing to take advantage of the statute would obviously need to make application for the additional support, regardless of whether or not there is an existing support order.

Michael contends his Motion to Dismiss was properly granted because Jan filed the Motion for Modification of Support after Michael's support obligations in the original decree expired. The magistrate court agreed, holding that it did not have jurisdiction to entertain Jan's motion since it was not filed before Sarah turned eighteen. In so holding, the magistrate court erred. Idaho Code § 32–706(2) contains no provision requiring that a parent wishing to take advantage of the additional year of support make request for it prior to the time the subject child reaches the age of eighteen. The statute reads, in relevant part, "If the child continues his formal education *subsequent to reaching* the age of eighteen ..." I.C. § 32–706(2) (emphasis added). The tense of this language, particularly the use of the word "subsequent," indicates an intent to allow application for support payments after the child has already turned eighteen. The Legislature clearly intended to make an additional year of support available where a child was pursuing his or her formal education and we see no reason to limit this right depending on when the request is made. There are no grounds to impose a requirement that a request for support under I.C. § 32–706(2) be initiated before the subject child reaches age eighteen. The magistrate court had jurisdiction to entertain Jan's motion. I.C. § 1–2210; I.R.C.P. 82(c)(2)(C). It erred in holding otherwise.

## III.

## CONCLUSION

This Court vacates the dismissal order and remands the case for further proceedings consistent with this opinion.

Chief Justice SCHROEDER, Justices TROUT, EISMANN, and BURDICK concur.