171 P.3d 266

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jose Alfred GONZALES, Defendant–Appellant.**

No. 31976.

Court of Appeals of Idaho.

Aug. 7, 2007.

Review Denied Nov. 19, 2007.

Molly J. Huskey, State Appellate Public Defender; Heather M. Carlson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Thomas Tharp, Deputy Attorney General, Boise, for respondent.

PERRY, Chief Judge.

Jose Alfred Gonzales appeals from the district court's judgment of conviction and order of restitution. For the reasons set forth below, we vacate Gonzales's judgment of conviction as it pertains to conditions of his probation, reverse the order of restitution, and remand for further proceedings consistent with this opinion.

## I.

### FACTS AND PROCEDURE

The state charged Gonzales with unlawful penetration by use of a foreign object in violation of I.C. § 18–6608. Gonzales entered into a binding plea agreement pursuant to I.C.R. 11, which the district court accepted prior to sentencing. Pursuant to the plea agreement, Gonzales entered an *Alford*[1] plea to an amended charge of aggravated battery. I.C. §§ 18–903, 907. Subsequently, in the victim impact statement in the presentence investigation report (PSI), the victim of Gonzales's crime, H.M.Z., requested $700 in restitution for vocational school tuition that she forfeited after Gonzales's crime because she felt afraid to return to school. At the sentencing hearing, the state indicated that H.M.Z. had requested restitution and, although restitution was not included in the sentence set forth in the plea agreement, the state believed that H.M.Z. was entitled to restitution. Gonzales objected to restitution. The district court indicated it would not order restitution without further proof that H.M.Z. was entitled to it and provided forty-two days for H.M.Z. to submit evidence. The district court sentenced Gonzales to a unified term of eight years, with a minimum term of three years. Gonzales's sentence was suspended and he was placed on probation with the condition that he serve one year in county jail with credit for time served.

The district court entered a judgment of conviction, which set forth additional conditions of Gonzales's probation. One condition was that Gonzales "shall pay, prior to the expiration of this probation, restitution to the victim, in an amount to be submitted within forty-two days." The next condition indicated that, "pursuant to Idaho Code § 19–5304(2), under the Victim's Rights Statute, the Court will issue a separate Order of Restitution to the victim herein, to which reference is hereby made." The judgment of conviction also imposed as conditions of probation that Gonzales pay several costs related to his case, totaling $688.50 plus up to $500 for time served in the county jail. A

1. *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

separate agreement of supervision attached to the judgment of conviction indicated that Gonzales agreed to pay $688.50 in costs, but it did not mention the expenses for time served in the county jail or the forthcoming order of restitution to H.M.Z. to be issued pursuant to I.C. § 19–5304(2).

The state then filed a motion for restitution, requesting $369 in restitution for H.M.Z. The state also submitted a letter from H.M.Z. indicating that she had lost $369 in tuition and supplies invested in a massage therapy program in which she had been enrolled at the time of Gonzales's crime. In the letter, H.M.Z. stated that she had suffered mental anguish due to Gonzales's crime and dropped out of the program because she was afraid that another similar incident would occur. The state also submitted a letter from an official at the massage therapy program, which indicated that H.M.Z. had paid $369 for tuition and supplies. The state and Gonzales then entered into stipulated facts regarding restitution. They agreed that the letters would be admissible as evidence for the purposes of restitution, that H.M.Z. forfeited the $369 in tuition and supplies for which she received no academic credit, and that the state and H.M.Z. would seek restitution for the lost tuition and supplies but not for mental anguish. At a hearing on restitution, Gonzales asserted that the injury suffered by H.M.Z. could not be compensated in a restitution order. The district court, however, issued an opinion awarding H.M.Z. $369 in restitution for lost tuition and supplies. The district court reasoned that H.M.Z.'s forfeited tuition and supplies were causally, reasonably, and rationally related to Gonzales's crime and could therefore be compensated in a criminal restitution order pursuant to I.C. § 19–5304. The district court entered a separate order of restitution providing that, pursuant to I.C. § 19–5304(2), H.M.Z. "have and recover judgment against defendant in the sum of $369 plus interest at the rate of 8.375% per annum, and that this sum is due and payable during the period of probation." The order of restitution also stated that it "may be recorded as a judgment, and the victim herein may execute as provided by law for civil judgments." Gonzales appeals.

## II.

## ANALYSIS

Gonzales asserts that the district court erred in ordering payment of $369 in restitution for H.M.Z.'s forfeited tuition and supplies because that expense is not a direct economic loss from the crime that can be compensated under Idaho's victim restitution statute, I.C. § 19–5304. The state asserts that the restitution order was proper under I.C. § 19–5304, but that, even if the award was not authorized by I.C. § 19–5304, the district court properly awarded restitution as a condition of Gonzales's probation to which Gonzales did not object in the trial court.

### A. Payment of Forfeited Tuition and Supplies as Restitution

We first address Gonzales's assertion that the district court was not authorized under I.C. § 19–5304 to order payment of $369 in restitution for H.M.Z.'s forfeited tuition and supplies. The state asserts that the district court properly reasoned that the lost tuition and supplies were causally, reasonably, and rationally related to Gonzales's crime and could therefore be compensated in a criminal restitution order.

Orders for the payment of restitution to crime victims are governed by I.C. § 19–5304. *State v. Taie,* 138 Idaho 878, 879, 71 P.3d 477, 478 (Ct.App.2003). The decision whether to require restitution is committed to the trial court's discretion. *Id.* It is generally recognized, however, that courts of criminal jurisdiction have no power or authority to direct reparations or restitution to a crime victim in the absence of a statutory provision to such effect. *State v. Richmond,* 137 Idaho 35, 37, 43 P.3d 794, 796 (Ct.App.2002). Therefore, the trial court's exercise of discretion in requiring restitution must be within the boundaries provided in I.C. § 19–5304. *State v. Cheeney,* 144 Idaho 294, 296, 160 P.3d 451, 453 (Ct.App.2007). Restitution may be ordered only for actual economic loss suffered by a victim. I.C. §§ 19–5304(1)(a), (2). "Economic loss" is defined as follows:

"Economic loss" includes, but is not limited to, the value of property taken, destroyed, broken, or otherwise harmed, lost wages, and direct out-of-pocket losses or expenses, such as medical expenses resulting from the criminal conduct, but does not include less tangible damage such as pain and suffering, wrongful death or emotional distress.

I.C. § 19–5304(1)(a). One of the purposes of restitution is to obviate the need for victims to incur the cost and inconvenience of a separate civil action in order to gain compensation for their losses. *State v. Parker*, 143 Idaho 165, 167, 139 P.3d 767, 769 (Ct.App. 2006); *State v. Waidelich*, 140 Idaho 622, 624, 97 P.3d 489, 491 (Ct.App.2004); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct.App.1989). However, the statute disallows restitution for noneconomic damages that might be available in a civil lawsuit, such as pain and suffering, wrongful death, emotional distress, and the like. *Parker*, 143 Idaho at 167, 139 P.3d at 769.

In *State v. Olpin*, 140 Idaho 377, 93 P.3d 708 (Ct.App.2004), the restitution order compensated a business that paid salaries to its employees for investigating the extent of the defendant's theft. This Court held that the business was entitled to restitution for the salaries because the labor would not have been otherwise needed and was therefore a direct result of the defendant's crimes. *Olpin*, 140 Idaho at 379, 93 P.3d at 710. Similarly, a victim may be compensated for losses or expenses incurred in attending the restitution hearing and other criminal proceedings. *Id.; State v. Russell*, 126 Idaho 38, 39, 878 P.2d 212, 213 (Ct.App.1994). "Economic loss" therefore includes necessary expenses or losses that the victim incurred in order to address the consequences of the criminal conduct. *Parker*, 143 Idaho at 167, 139 P.3d at 769.

It does not follow, however, that restitution may be ordered pursuant to I.C. § 19–5304

for any out-of-pocket expense that the victim would not have incurred but for the defendant's crime. *Id.* In *Waidelich*, the defendant was convicted of attempted burglary for trying to break into a home and steal a valuable puppy. The victim sought restitution for the cost she paid to board her litter of puppies for eight weeks after the attempted burglary out of concern that the defendant or his accomplices would return to steal the puppies. This Court held that this expense for prevention of future harm was not compensable through a restitution order, noting that the victim's own assessment of actions necessary to respond to a crime is not the correct measure for restitution under I.C. § 19–5304. *Waidelich*, 140 Idaho at 624, 97 P.3d at 491. Likewise, in *Parker*, this Court held that attorney fees incurred by the victim in her civil lawsuit against the defendant were not compensable through a restitution order because they were not an expense that was necessary in order for the victim to recover the losses caused by the defendant's crime. *Parker*, 143 Idaho at 168, 139 P.3d at 770. This Court reasoned that the victim's civil suit sought damages that would have been duplicative of the restitution ordered in the criminal case and additional damages that were not alleged to have resulted from the underlying crime.

In the present case, the district court ordered Gonzales to pay H.M.Z. $369 in restitution for tuition and supplies that she had forfeited when she dropped out of a massage therapy program. The district court ruled that those expenses were compensable under I.C. § 19–5304 because they were causally, reasonably, and rationally related to Gonzales's crime.[2] As stated above, I.C. § 19–5304 disallows restitution for noneconomic damages, such as pain and suffering, wrongful death, emotional distress, and the like, even if such noneconomic damages were rationally related to the crime. *See Parker*, 143 Idaho at 167, 139 P.3d at 769. H.M.Z.'s

2. The district court relied heavily on an unpublished Washington appellate decision upholding a restitution award for forfeited tuition expenses. *State v. Kelson,* 107 Wash.App. 1015 (Wash.App. Div. 2 2001). Washington's restitution statute, unlike Idaho's statute, clearly authorizes compensation of some non-economic damages, such

as counseling that is reasonably related to the offense. Additionally, *Kelson* is factually distinguishable because the victim in that case forfeited tuition when she reallocated her time to meeting with lawyers and working full-time to compensate for income she lost after the defendant defrauded her of child support.

letter and statement in the PSI indicate that she dropped out of the massage therapy program and forfeited the costs of tuition and supplies because she feared another similar incident would occur. The record does not indicate that H.M.Z. was unable to attend the program because she was physically injured by Gonzales's crime or was busy meeting with police or testifying in this case. Rather, like the victim in *Waidelich,* H.M.Z. incurred the expenses at issue because of her efforts to prevent possible future harm. The victim's own assessment of actions necessary to respond to a crime is not the correct measure for restitution under I.C. § 19–5304. *Waidelich,* 140 Idaho at 624, 97 P.3d at 491. We conclude that I.C. § 19–5304 does not authorize an award of restitution to compensate H.M.Z. for the cost of forfeited tuition and supplies she incurred as a result of steps she took subsequent to the crime due to her fear that a similar crime may occur again. The district court therefore erred in ordering Gonzales to pay H.M.Z. $369 in restitution pursuant to I.C. § 19–5304.

## B. Payment of Forfeited Tuition and Supplies as a Condition of Probation

■ We next consider the state's argument that, even if the order for payment of H.M.Z.'s forfeited tuition and supplies was impermissible as a restitution order, it was proper as a condition of probation. The district court indicated that it was ordering restitution in the amount of $369 pursuant to its authority under I.C. § 19–5304. However, because the district court also included payment of the restitution order in the judgment of conviction as a condition of probation, the state asserts that the district court acted under its broad authority to order conditions of probation pursuant to I.C. § 19–2601(2). The state also asserts that Gonzales failed to object to the condition of his probation requiring payment of restitution to H.M.Z., and Gonzales, therefore, may not challenge the order of restitution as a condition of his probation on appeal.

■ We first address the state's contention that Gonzales may not challenge the order of restitution as a condition of his probation on appeal. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge,* 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). In *State v. Breeden,* 129 Idaho 813, 932 P.2d 936 (Ct.App.1997), this Court declined to address the defendant's challenge to the amount of restitution that the court imposed as a condition of probation because the defendant raised the issue for the first time on appeal. *Id.,* 129 Idaho at 816, 932 P.2d at 939. In the present case, Gonzales objected to paying restitution to H.M.Z. for her forfeited tuition and supplies at the sentencing hearing where the state indicated that H.M.Z. requested restitution in the amount of $700. The district court then ordered Gonzales to pay restitution to H.M.Z. as a condition of probation in the judgment of conviction in an amount the court indicated would be determined when it issued its forthcoming order of restitution pursuant to I.C. § 19–5304(2). Gonzales did not further object at that time. At the hearing on restitution, however, Gonzales again objected to restitution, asserting that the $369 H.M.Z. forfeited in tuition and supplies could not be compensated in a restitution order under the victim restitution statute, I.C. § 19–5304. The record does not indicate that the district court or the state ever asserted that the district court could act solely under its authority to order compensation to H.M.Z. as a condition of probation pursuant to I.C. § 19–2601(2). At the hearing on restitution, the arguments made by the parties centered on the requirements of the victim restitution statute, I.C. § 19–5304, and the district court indicated that it was relying on I.C. § 19–5304 when it entered the order of restitution in the amount of $369. The state's argument on appeal that the district court was authorized to order compensation to H.M.Z. solely as a condition of probation pursuant to I.C. § 19–2601(2) does not render Gonzales's objections below inadequate. Gonzales can argue in rebuttal to the state's new theory on appeal. We will therefore address the merits of whether the district court properly ordered Gonzales to pay restitution to H.M.Z. as a condition of probation.

As discussed above, I.C. § 19–5304 authorizes a court to order restitution only for a victim's direct economic loss from the crime.

In contrast, I.C. § 19–2601(2) authorizes a court to place a defendant on probation "under such terms and conditions as it deems necessary and expedient." Section 19–2601(2) is designed to give courts maximum flexibility to fashion the sentence most appropriate to the individual defendant. *State v. McCool,* 139 Idaho 804, 807, 87 P.3d 291, 294 (2004); *Parker,* 143 Idaho at 168, 139 P.3d at 770. Its broad language does not include the limitations found in I.C. § 19–5304 for restitution orders. *Parker,* 143 Idaho at 168, 139 P.3d at 770. This Court has recently noted, in dicta, that I.C. § 19–2601(2) thus provides wider discretion to order monetary compensation to victims as a condition of probation than the victim restitution statute. *See id.*[3] Despite this seemingly expansive discretion to order monetary compensation to crime victims, the state cites no Idaho appellate decisions that have upheld a condition of probation requiring payment of victim restitution over a well-founded objection that such compensation exceeded the limits set forth in I.C. § 19–5304. As noted above, it is generally recognized that courts of criminal jurisdiction have no power or authority to direct reparations or restitution to a crime victim in the absence of a statutory provision to such effect. Richmond, 137 Idaho at 37, 43 P.3d at 796. The state's assertion—that a court may impose victim restitution pursuant to its authority to impose conditions of probation under I.C. § 19–2601(2) regardless of any limits set forth in I.C. § 19–5304—requires us to determine which statute controls under the facts of this particular case.

This Court exercises free review over the application and construction of statutes. *State v. Reyes,* 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct.App.2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Rhode,* 133 Idaho 459, 462, 988 P.2d 685, 688 (1999); *State v. Burnight,* 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar,* 134 Idaho 387, 389,

3 P.3d 65, 67 (Ct.App.2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight,* 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar,* 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction, it has the duty to ascertain the legislative intent and give effect to that intent. *Rhode,* 133 Idaho at 462, 988 P.2d at 688. To ascertain the intent of the legislature, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute, and its legislative history. *Id.* It is incumbent upon a court to give a statute an interpretation, which will not render it a nullity. *State v. Beard,* 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct.App.2001). Constructions of a statute that would lead to an absurd result are disfavored. *State v. Doe,* 140 Idaho 271, 275, 92 P.3d 521, 525 (2004); *State v. Yager,* 139 Idaho 680, 690, 85 P.3d 656, 666 (2004).

In cases filed prior to the effective date of I.C. § 19–5304, the Idaho appellate courts had approved conditions of probation, ordered pursuant to I.C. § 19–2601(2), that required payment of fines, reimbursement payments to government entities, and victim restitution. *See State v. Cross,* 105 Idaho 494, 496, 670 P.2d 901, 903 (1983); *State v. Wagenius,* 99 Idaho 273, 279, 581 P.2d 319, 325 (1978); *State v. Geier,* 109 Idaho 963, 966, 712 P.2d 664, 667 (Ct.App.1985). Then, the legislature passed the original version of I.C. § 19–5304, which became effective in cases where a criminal complaint or juvenile petition was filed on or after October 1, 1985. *See* 1985 Idaho Sess. Laws, ch. 122 at 303. Section 19–5304 set forth the circumstances under which an order of victim restitution was appropriate and provided each party with the right to present such evidence as may be relevant to the issue of restitution. *See* 1985 Idaho Sess. Laws, ch. 122, § 1. The statute also indicated that a court "may order the defendant to pay restitution to the victim

---

**3.** To the extent that the language in *Parker* may be read to be inconsistent with our ultimate

holding in this case, such reading is disavowed.

in any case, regardless of whether the defendant is incarcerated *or placed on probation.*" 1985 Idaho Sess. Laws, ch. 122 at 298 (emphasis added).

In 1986, the legislature amended I.C. § 19–5304. As amended in 1986 and still effective today, I.C. § 19–5304(2) states, in pertinent part:

> An order of restitution shall be a separate written order in addition to any other sentence the court may impose.... *The court may also include restitution as a term and condition of judgment of conviction; however, if a court orders restitution in the judgment of conviction and in a separate written order, a defendant shall not be required to make restitution in an amount beyond that authorized by this chapter.*

1986 Idaho Sess. Laws, ch. 197 at 496 (1986 amendment emphasized). This language clearly and unambiguously expresses a legislative intent to prohibit a court from ordering payment of victim restitution in an amount beyond that authorized by I.C. § 19–5304. The Senate and House Journals and the meeting minutes from the Senate and House Judiciary and Rules Committees on the 1986 amendment do not provide any further elaboration on the legislature's intent. We note, however, that, although it is not a part of the law, the title on the bill enacted in 1986 states the purpose of the amendment was, in pertinent part, "to prohibit the court from ordering the defendant to make restitution in excess of that authorized under the chapter." 1986 Idaho Sess. Laws, ch. 197. We also note that the 1986 amendments left intact the language in I.C. § 19–5304(5) authorizing a court to order restitution in a case where the defendant is placed on probation. *See* 1986 Idaho Sess. Laws, ch. 197 at 496. Section 19–5304 does not indicate that the limitations and procedures for ordering victim restitution contained in that section are inapplicable when a court requires victim restitution as a

condition of probation. We therefore hold that I.C. § 19–5304(2) prohibits a court from requiring victim restitution as a condition of probation in excess of that authorized by I.C. § 19–5304, even if the court concludes that such restitution is reasonably related to the purpose of probation pursuant to I.C. § 19–2601(2).[4]

The state relies on cases, decided subsequent to the 1986 amendment to I.C. § 19–5304(2), wherein Idaho appellate courts upheld conditions of probation requiring various forms of reimbursement payments. *See McCool,* 139 Idaho at 807, 87 P.3d at 294; *State v. Jeffs,* 140 Idaho 466, 469, 95 P.3d 84, 87 (Ct.App.2004); *State v. Wardle,* 137 Idaho 808, 811, 53 P.3d 1227, 1230 (Ct.App.2002); *Breeden,* 129 Idaho at 816, 932 P.2d at 939. None of those decisions, however, held that a court may avoid the limits set forth in I.C. § 19–5304 by imposing an order of victim restitution as a condition of probation pursuant to I.C. § 19–2601(2).

In *Wardle,* this Court held that the district court was authorized to require payment of counseling fees for the victim of his battery as a condition of probation. *Wardle,* 137 Idaho at 811, 53 P.3d at 1230. In *Breeden,* this Court upheld the extension of the probation period to ensure the defendant continued to pay restitution to the victim of his theft as a condition of probation. *Breeden,* 129 Idaho at 816, 932 P.2d at 939. The defendants in *Wardle* and *Breeden,* however, did not raise the issue of whether the restitution required in those cases exceeded the limits in I.C. § 19–5304, and this Court did not hold that restitution required pursuant to I.C. § 19–2601(2) may exceed the limits in I.C. § 19–5304.

In *Jeffs,* the district court stated that it was ordering the defendant to pay "restitution" in the form of child support as a condition of probation. However, the order of probation did not indicate that the child support was ordered pursuant to I.C. § 19–5304,

---

4. We note that this holding does not impact a court's authority to require, as a condition of probation, compliance with an order of victim restitution validly entered according to the terms of I.C. § 19–5304. Indeed, I.C. § 19–5304(5) still states that a court "may order the defendant to pay restitution to the victim in any case, re-

gardless of whether the defendant is incarcerated or placed on probation." Additionally, I.C.R. 33(d)(1) specifically lists, as a permissible condition of probation, the requirement that the defendant make restitution to a party injured by his action.

and the district court did not enter a separate restitution order or civil judgment. Rather, the district court specifically allowed the court determining the child support issue in a separate civil action to set the amount to be paid. The district court held only that any order issued in the support case needed to be complied with. Therefore, this Court held that the appeal should be addressed under the standards set forth in I.C. § 19–2601(2). *Jeffs,* 140 Idaho at 468, 95 P.3d at 86. This Court's holding in *Jeffs* is also distinguishable because future child support payments cannot be characterized as classic victim restitution and are therefore not governed by the limitations in I.C. § 19–5304. The obligation to pay child support arises from the fact of parenthood, entirely independent of any criminal conduct. Child support payments address future expenses, and, in civil child support proceedings, a court has jurisdiction to modify child support orders based upon changes in circumstances up until the time the child reaches majority and perhaps longer. *See Busse v. Busse,* 141 Idaho 566, 568, 113 P.3d 224, 226 (2005). *See also* I.C. §§ 32–706, 32–709. Restitution in criminal cases is generally recognized as ascertainable compensation for a loss—not an expense, such as child support, that may be incurred in the future. *See* BLACK'S LAW DICTIONARY 1339 (8th ed.2004). Therefore, the prohibition in I.C. § 19–5304(2) against requiring a defendant to make "restitution" in excess of that authorized by the victim restitution statute does not impact the authority of a court to require future child support payments as a condition of probation. *See* I.C. § 19–5304(2).

In *McCool,* the defendant was placed on probation for possession of methamphetamine and, as a condition of probation, was ordered to reimburse the prosecuting attorney's office and the county clerk for counseling services she received while she was a participant in drug court. In ordering such reimbursement, the district court referenced I.C. § 19–5302, and indicated that it would enter a separate civil judgment in favor of the "victims" for the amounts ordered. The Idaho Supreme Court stated:

> Although the district court stated both orally and in writing that a separate civil

judgment would be entered against Ms. McCool, there is nothing in the record indicating that such judgment was ever entered, nor does Ms. McCool argue that it was. Therefore, in this appeal we are not concerned with Idaho Code §§ 19–5302, 19–5304, and 19–5305. Rather, we are concerned with the district court's authority to order payment of such sums as a condition of probation.

> When pronouncing sentence, the district court also stated, "As part of your probationary terms, I'm ordering in my order of judgment and sentence that you pay $162.60 to the Kootenai prosecutor's office and $630.00 to Powder Basin Associates." By order entered on February 1, 2002, the payee of the $630.00 was changed from Powder Basin Associates to the Kootenai County Clerk. Thus, the issue is whether the district court erred in ordering such payment as a condition of probation.

*McCool,* 139 Idaho at 806–07, 87 P.3d at 293–94 (footnote omitted). *McCool* could be read as holding that, if a court ignores the victim restitution statute by ordering victim restitution without entering a separate written order for restitution, the court is not bound by the limits of I.C. § 19–5304. That, we believe, is not a correct interpretation of *McCool.* Rather, we conclude that the Supreme Court in *McCool* merely recognized that the district court had mischaracterized its order as "victim restitution" where the payments were to compensate the county, not the victim, and concluded that the only issue before the Court was whether requiring the reimbursement for the county was reasonably related to the purpose of probation. Thus, the ultimate holding in *McCool*—that the district court was authorized to require, as a condition of probation, reimbursement to the county clerk for counseling services that the county had provided to the defendant—is not inconsistent with our holding in this case. *See McCool,* 139 Idaho at 807, 87 P.3d at 294. Idaho appellate courts have long recognized that orders for reimbursement of government entities for the costs of prosecution and rehabilitation may be imposed as a condition of probation pursuant to I.C. § 19–2601(2). *See Wagenius,* 99 Idaho at 279, 581 P.2d at

325. The limits in I.C. § 19–5304 do not affect the authority to require such payments because the statute only governs *victim* restitution.[5]

In the present case, the district court ordered Gonzales to pay restitution to H.M.Z. as a condition of probation in the judgment of conviction in an amount the court indicated would be determined when it issued its forthcoming order of restitution pursuant to I.C. § 19–5304(2). The district court then entered a separate written order of restitution, citing I.C. § 19–5304(2) as its statutory authority, in the sum of $369 plus interest at the rate of 8.375% per annum. The $369 was the sum that H.M.Z. had forfeited in tuition and supplies for her massage therapy program after she was unable to continue the program due to fear of future potential harm caused by Gonzales's crime. The district court therefore entered an order for payment of *victim* restitution—not an order for reimbursement of government entities involved in the criminal proceedings as in *McCool* or an order to pay an obligation that arose independent of criminal liability as in *Jeffs*. We conclude that I.C. § 19–5304(2) prohibited the district court from requiring Gonzales to make victim restitution to H.M.Z. in an amount beyond that authorized by the victim restitution statute. We therefore reject the state's argument that the district court properly ordered payment of $369 in victim restitution for H.M.Z.'s forfeited tuition and supplies as a condition of Gonzales's probation because that amount exceeded the limits of the victim restitution statute.

## III.

## CONCLUSION

The district court was not authorized under I.C. § 19–5304 to order Gonzales to pay H.M.Z. $369 in victim restitution for the cost of forfeited tuition and supplies. Section 19–5304(2) prohibits courts from requiring victim restitution as a condition of probation in excess of that authorized by I.C. § 19–5304. The district court was therefore not authorized to require, as a condition of probation, that Gonzales pay H.M.Z. $369 in victim restitution for the cost of forfeited tuition and supplies. Accordingly, we vacate the judgment of conviction to the extent that it requires Gonzales to pay $369 of victim restitution for H.M.Z.'s forfeited tuition and supplies as a condition of Gonzales's probation. Further, the order of restitution is reversed. On remand the district court is instructed to enter an amended judgment of conviction without any conditions of probation requiring Gonzales to pay $369 of victim restitution for H.M.Z.'s forfeited tuition and supplies.

Judge LANSING and Judge GUTIERREZ, concur.

---

**5.** We further note that the Idaho Supreme Court reversed a reimbursement payment to a county for costs of investigating a racketeering charge because the "statute that the district court could properly rely on when ordering restitution [I.C. § 37–2732(k)] plainly and unambiguously limited such orders to cases where the defendant had been convicted of a felony violation under Title 37, Chapter 27," not a felony racketeering violation. *State v. Hansen*, 125 Idaho 927, 933, 877 P.2d 898, 904 (1994).