**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43471**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 444 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 22, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| BRIAN EDWARD HIRSCHI, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Jefferson County. Hon. Alan C. Stephens, District Judge.

Judgment of conviction and suspended sentence for aggravated assault, <u>affirmed</u>.

Rigby, Andrus & Rigby Law, PLLC; Sean P. Bartholick, Rexburg, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Brian Edward Hirschi appeals from his judgment of conviction and suspended sentence for aggravated assault. Specifically, Hirschi challenges the condition of probation requirement that he be supervised on the "standard sex offender caseload." For reasons set forth below, we affirm.

In 2014, Hirschi was charged with the rape of his spouse. Pursuant to a plea agreement, Hirschi pled guilty to an amended charge of aggravated assault. I.C. §§ 18-901(b) and 18-905(a). The district court sentenced Hirschi to a unified term of three years, with a minimum period of confinement of one year. The district court then suspended the sentence and placed Hirschi on probation for two and one-half years. In placing Hirschi on probation, the district court imposed a condition that Hirschi be supervised on the "standard sex offender caseload,

including a full disclosure polygraph." Hirschi agreed to the terms of probation without objection. Hirschi now appeals.

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

On appeal and for the first time, Hirschi argues that the district court abused its discretion by requiring him to be supervised on a sex offender caseload because he had not been convicted of a registerable sex offense and posed a low risk of reoffending. Specifically, Hirschi asserts that aggravated assault is not a crime requiring sex offender registration and thus, the supervision condition was unnecessary and inappropriate.

A sentencing court, in its discretion, may "place the defendant on probation under such terms and conditions as it deems necessary and appropriate." I.C. § 19-2601(3). The Idaho Supreme Court has previously noted that the legislature intended the courts to have flexibility in fashioning the sentence most appropriate to the individual defendant. *State v. McCool*, 139 Idaho 804, 807, 87 P.3d 291, 294 (2004). The statute therefore must be liberally construed. *Id.* A defendant may decline probation when he or she deems its conditions too onerous and demand instead that he or she be sentenced by the court. *Id.*

In this case, the district court, in its imposition of Hirschi's terms and conditions of probation, ordered:

> I'm going to require that you comply with the Psycho-Sexual Evaluation recommendations as part of your probation, which include that you *be involved in the standard sex offender caseload of the probation*; that you receive sex offender treatment and programming, and give a full disclosure polygraph during that time; that you receive psychiatric consultation; and that you complete a 52-week domestic violation evaluation and treatment; and that any dating or romantic relationships that you're involved in during the term of your probation have to be monitored through the sex offender treatment program and your parole officer.
> . . . .
> Now, you don't have to accept probation. You can serve prison time. So I need to hear from you whether you accept the terms of the probation.

2

(Emphasis added.)  Hirschi indicated that he understood and accepted these conditions of probation without objection.  We also note that the record is devoid of any indication that Hirschi sought or was denied modification of his terms of probation following sentencing.  *See* I.C. § 20-221(2).[1]

Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992).  Idaho decisional law, however, has long allowed appellate courts to consider a claim of error to which no objection was made below if the issue presented rises to the level of fundamental error.  *See State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007); *State v. Haggard*, 94 Idaho 249, 251, 486 P.2d 260, 262 (1971).  In *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), the Idaho Supreme Court abandoned the definitions it had previously utilized to describe what may constitute fundamental error.  The *Perry* Court held that an appellate court should reverse an unobjected-to error when the defendant persuades the court that the alleged error:  (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings.  *Id.* at 226, 245 P.3d at 978.  Here, Hirschi has not alleged fundamental error on the part of the district court and has not met his burden of establishing it under the standards articulated in *Perry*.  Therefore, we will not address the merits of Hirschi's claim that the district court abused its discretion by requiring that Hirschi be supervised under the sex offender caseload as a condition of probation.  Accordingly, Hirschi's judgment of conviction and suspended sentence for aggravated assault is affirmed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.

---

[1]  Conditions of probation are not necessarily fixed.  Rather, the sentencing court at any time may modify any terms or conditions of probation.  I.C. § 20-221(1).  Additionally, the party may submit to the court a request to modify the terms and conditions of probation at any time during the period of probation.  I.C. § 20-221(2).